## JAMER RIGGS v. E. G. HANRICK.

### (Case No. 3951.)

1. DEED — EXECUTED CONTRACT.— Though a deed may recite that unpaid purchase money is secured by a note of the purchaser, yet if upon its face it purports to convey title, and there be no express reservation of a lien for the payment of the note, the contract of purchase is executed, and title passes to the purchaser.

2. SAME.— If the purchaser dies more than four years after the maturity of such note, no action of the probate court approving the note as a valid claim against his estate can avail to defeat the plea of limitation afterwards set up by a vendee of the purchaser against the holder, who seeks the enforcement of a vendor's lien.

3. SAME.— When a petition, seeking the enforcement of a vendor's lien, presents such a state of facts as is above stated, exceptions thereto should be sustained.

APPEAL from Falls. Tried below before the Hon. L. C. Alexander.

On February 23, 1877, Hanrick brought this suit against Wm. D. Gaines, administrator of D. Y. Gaines, deceased, and against James Riggs, to recover land, or, in the alternative, to foreclose a vendor's lien upon the same, etc. Hanrick sold and conveyed to D. Y. Gaines in 1869, by deed expressing payment of part of the consideration, and that two notes of Gaines were taken to secure the balance, but retaining no lien in the deed. The last note falling due January 1, 1871, recited that it was given for the land. Gaines conveyed the land to Aycock in 1870, Aycock conveyed to Scogin, and Scogin sold to Riggs, who went into possession about January 1, 1874. D. Y. Gaines died in 1876, and Wm. D. Gaines was appointed his administrator. November, 1876, Hanrick, through his agent, presented his claim, properly authenticated, to Gaines, who allowed it, and it was approved by the county judge. The claim, which was for a balance after allowing credits on the note, amounted to $439.68. The vendor's lien was set up in the claim as allowed and approved. Hanrick, after setting up the facts in his petition, claimed that the contract of sale between himself and D. Y. Gaines was executory, and the failure of the latter to pay the note gave him the right to recover the land, but that if it should be held otherwise, then he asked a foreclosure of his vendor's lien.

Riggs answered by general and special exceptions, and general denial, limitation of four years against the note and lien, and other defenses not necessary to notice.

The exceptions were overruled. Verdict and judgment foreclosing the lien upon the land, etc.

*Aycock & Wharton*, for appellant, cited Pitschki *v.* Anderson, 49 Tex., 1; McAlpin *v.* Burnett, 19 Tex., 497; Perry on Trusts, vol. 1, p. 290; Burks *v.* Watson, 48 Tex., 107; Byler *v.* Johnson, 45 Tex., 509; Sample *v.* Irwin, 45 Tex., 567.

*Goodrich & Clarkson*, for appellee.

WATTS, J. COM. APP.— So far as the case made by the petition could affect the rights of appellant to the land, he could make any defense that would defeat the action against him, either by exceptions or answer to the merits. Burks *v.* Watson, 48 Tex., 111. The allegations of the petition showed that the sale of the land by Hanrick to David Y. Gaines was an executed contract. That is, notwithstanding the deed recited that part of the purchase money was secured by the notes of Gaines, yet there was no lien retained in the deed. In such case it is now settled that the title to the land passed by the deed to Gaines, and the transaction is considered as an executed contract. Baker *v.* Compton, 52 Tex., 261.

It also appeared from the allegations of the petition that the note upon which the suit is brought became due the 1st day of January, 1871, and that D. Y. Gaines, the maker, died in March, 1876, and that subsequently the claim was properly authenticated, including a statement of the lien, and allowed by the administrator and approved by the county judge, as a valid and subsisting claim against the estate of D. Y. Gaines.

Although the suit was brought for the recovery of the land, and in the alternative to secure a foreclosure of the asserted vendor's lien upon the land, there was no ground whatever alleged for the recovery of the land, and therefore the suit was in effect upon the note to foreclose the lien. It was alleged that Riggs was upon the land, claiming under D. Y. Gaines, and in privity with him.

In this attitude of the case Riggs specially excepted to the petition, upon the ground that the note and lien, so far as it was sought to affect him by them, were barred by limitation, and that the lien was stale and also barred in equity, all of which he claimed appeared from the face of the petition. These exceptions were overruled; and upon the trial he asked the court to instruct the jury upon that issue, which the court refused, giving as a reason therefor that the action of the administrator in allowing and the county judge in approving the claim revived or rather placed the debt and lien in such attitude that the defense of limitation was not available to Riggs.

Thus the question is presented as to whether the allowance by the administrator and approval of the county judge of the claim, which was barred by limitation before the death of D. Y. Gaines, would preclude Riggs from defending upon the ground that the vendor's lien by which the appellee proposed to affect his right had been lost by lapse of time. If the court acted upon the idea that, as the approval of the claim by the county judge, being a judgment, was not subject to collateral attack, then, clearly, he erred. Riggs was no party to the proceeding by which that barred debt and lien were revived, and therefore would not be concluded by it. He did not occupy the position of privy with respect to that proceeding. If he had derived his right or claimed by or through that proceeding, it would have been otherwise. So far as the question under consideration is concerned, the claim occupies no more favorable or unfavorable attitude than if D. Y. Gaines had, after the note was barred, removed the same.

Chief Justice Roberts, in Burks v. Watson, *supra,* in speaking of the rights of Burks, who were subsequent purchasers and in possession of the land, and who were made parties for the purpose of foreclosing a vendor's lien, remarked that they were proper parties and could make " Any defense to the action that would prevent entirely or reduce the amount of the recovery upon the draft, or prevent the amount recovered from being shown to be a charge on the land as a vendor's lien; for if it could be made to appear in this suit that the plaintiff had not alleged or had not proved a good cause of action against Hopkins & Hopkins on the draft, or that the draft never constituted a lien on the land, or that the lien had been *lost,* they would thereby relieve the land from the charge sought to be imposed upon it in their hands in this suit."

In Baker v. Compton, decided at the last Tyler term, it was held that Mrs. Baker could avail herself of limitation against a note asserted against her though she was not a party to it.

In Hodges v. Taylor, 57 Tex., 196, it was held that a creditor holding a debt which had been discharged by the bankruptcy of the debtor, but upon which the debtor afterwards suffers judgment in a state court, is not in an attitude to attack for fraud a conveyance made by the procurement of the debtor between the date of the discharge in bankruptcy and the rendition of the judgment in the state court. In that case Chief Justice Gould said: " So if, the claim being barred, the debtor sees fit to revive it by a written acknowledgment of its justice and a written promise to pay it, the debt becomes once more valid as between the creditor and debtor. In each case it is the assent or acquiescence of the former debtor which results

in a claim capable of enforcement. In the latter case that assent is expressed; in the former it is implied. Before the claim was revived the alleged fraudulent conveyance was binding as between the grantor and grantee, and the title of the grantee was good, not only as against the grantor, but as against this former creditor of the grantor. That title being thus complete against them, it is not believed that it could be affected or impaired by any transaction between them to which the grantee is not a party." See, also, Schmeltz v. Garey, 49 Tex., 49.

There is no pretense that the note was not barred by limitation long before the death of D. Y. Gaines. In Baker v. Compton, *supra*, it was held that limitation did run against notes like the one sued on. See, also, Baker v. Compton, 52 Tex., 252; Pitschki v. Anderson, 49 Tex., 1.

It has been uniformly held in this state that when a subsequent acknowledgment or new promise is relied upon to exempt the claim from the operation of the statute, that it is the new promise that constitutes the cause of action. Coles v. Kelsey, 2 Tex., 541.

It would seem that when the bar was complete, the lien, so far as could have been made effective against Riggs, was lost, and that no subsequent transaction between Hanrick and Gaines during the latter's life, or any proceedings had in the probate court after Gaines' death, to which Riggs was not a party, could have the effect of reviving the lien against him.

This leads to the conclusion that the court erred in overruling the exceptions to the petition and in refusing the charge asked. For which error the judgment ought to be reversed and the cause remanded.

Reversed and remanded.

[Opinion approved June 8, 1883.]