### A. LEVY v. E. M. WILLIAMS ET AL.

Decided March 1, 1899.

**1. Mortgage—Limitation—New Promise—Purchaser.**

The lien of a mortgage barred by limitation is not revived by a new promise of the mortgagor, as against one who purchased the property under execution against the mortgagor before the debt was barred.

**2. Same.**

The mortgaged property occupies the position of surety for the debt, and whatever releases the principal releases the security and gives a purchaser of the property the right to plead limitation against the mortgage debt, not to prevent recovery against the debtor, but to show that the mortgaged property has been released.

ON MOTION FOR REHEARING.

**3. Resulting Trust—Husband and Wife—Loan of Wife's Separate Money.**

No resulting trust arises in favor of the wife from the investment by the husband of her separate money loaned to him by her.

APPEAL from Bowie. Tried below before Hon. HOWARD TEMPLETON.

*P. A. Turner* and *R. D. Hart,* for appellant.

*Smelser & Mahaffey,* for appellees.

*Chas. S. Todd,* for appellee Mrs. Williams, on motion for rehearing.

KEY, ASSOCIATE JUSTICE.—April 10, 1893, E. M. Williams executed to J. C. Watts, as trustee, a deed of trust on two lots in the city of Texarkana, to secure four promissory notes owing by him to the Gate City National Bank. On April 16, 1893, the firm of Loeb, Blum & Co. com-

menced suit in the District Court of Bowie County against E. M. Williams; and on the same day caused writ of attachment to issue and be levied on the two lots referred to. On April 4, 1894, judgment was rendered in said suit in favor of Loeb, Blum & Co. against E. M. Williams for the sum of $3492.16, and establishing and foreclosing their attachment lien on the lots. April 10, 1894, an order of sale was issued on the judgment and levied on the lots by the sheriff of Bowie County, and on the 5th day of June, 1894, the lots were sold by the sheriff, Loeb, Blum & Co. becoming the purchasers for $250, $36.38 of which, being costs, was paid in cash and the remainder credited on their judgment.

On September 11, 1895, Loeb, Blum & Co. conveyed the lots by general warranty deed to A. Levy, for a recited consideration of $850. This deed was duly acknowledged and recorded. February 28, 1896, A. Levy commenced this action in the District Court of Bowie County against E. M. Williams and his wife, Jeanie Williams, to recover the two lots referred to.

October 17, 1897, the Gate City National Bank intervened, alleging that the defendant E. M. Williams owed it the amount due on four promissory notes, and sought to foreclose its trust deed on the lots. March 17, 1898, plaintiff filed an amended original petition, making the Gate City National Bank a party defendant; and on the same day filed a supplemental petition, in answer to the plea of intervention, and pleaded that the notes and mortgage sued on by the intervener were barred by the four years statute of limitation; charged that the intervener's claim constituted a cloud upon the plaintiff's title, and prayed for a judgment removing said cloud.

At the time the lots were sold under Loeb, Blum & Co.'s judgment, and at the time Levy purchased them from Loeb, Blum & Co., the notes referred to were past due, but had not been due four years, and were not barred by limitation. Nor were they barred at the time the plaintiff commenced this suit, but four years from the date of their maturity had elapsed and the notes were barred October 17, 1897, the time the Gate City National Bank intervened in the suit.

April 4, 1898, after the notes were barred by the lapse of four years from maturity, E. M. Williams indorsed a written renewal on them, by which he obligated himself to pay them; and on the same day he filed a supplemental answer admitting the justness of the debt, declaring he was willing to pay the same, declaring that he did not desire or intend to plead limitation, and agreed that judgment should be rendered against him on the notes, with a foreclosure of the mortgage lien on the lots. E. M. Williams bought the lots in 1881, for a consideration of $1200.

The District Court held that Levy had no right to interpose the plea of limitation, and that the rights of the bank under its mortgage were superior to Levy's right, and rendered judgment for the bank against E. M. Williams for the amount of the debt, with foreclosure of the mortgage lien as against Levy, as well as Williams and his wife.

Levy, the plaintiff, has appealed, and the only question presented for

decision is whether or not he had the right to interpose the plea of limitation against the claim asserted by the bank. It has been held in this State that a purchaser at a sale made under a subsequent mortgage can interpose a plea of limitation as to a debt secured by a prior mortgage, when the prior mortgagee sues to foreclose his lien. Scott v. Sloan, 23 S. W. Rep., 42; Dunn v. Smith, 23 S. W. Rep., 449.

Notwithstanding these decisions, it is ingeniously contended by counsel for appellant that a purchaser at execution sale, when the debt secured by the prior mortgage is not barred at the time of the execution sale, is not entitled to plead limitation against the debt secured by the prior mortgage, and thereby defeat a foreclosure of such mortgage. This distinction is sought to be maintained upon the theory that a subsequent mortgagee, having secured his lien by a contract with the mortgagor, has other and greater rights than are secured by an attachment or execution lien; and that the purchaser under the contract lien acquires, by implied warranty, the right that the debtor then has or may thereafter acquire to plead limitation against the debt. And it is contended that the purchaser under execution sale does not acquire any right, except such as the debtor had at the time of such sale.

Whether or not this alleged distinction really exists, we deem it unnecessary to decide, because there is another ground upon which the right of the subsequent purchaser of the mortgaged property to plead limitation against the mortgage debt can rest; and when based upon this ground, it becomes immaterial whether the subsequent purchaser holds under a voluntary or forced sale. The ground referred to is that the mortgaged property occupies the position of surety for the payment of the debt, and whatever releases the principal will also release the sureties; and therefore the subsequent purchaser has the right to plead limitation against the mortgage debt, not for the purpose of preventing the plaintiff's recovery of judgment against the debtor, but to show that the mortgaged property has been released. It was upon this principle that it was decided in Wofford v. Unger, 55 Texas, 480, that a wife who had mortgaged her separate property to secure a debt owing by her husband could plead the statute of limitation against the mortgage debt in a suit brought to foreclose the lien. See also Brant on Sur., secs. 21, 22; 24 Am. and Eng. Enc. of Law, 722; Life Ins. Co. v. Gooding, 19 Texas Civ. App., 490. The property standing as surety for the debt, when the debt was barred the property was released, and the subsequent act of the debtor renewing the debt and declining to plead limitation, could not restore the liability of the land for the payment of the debt.

Our conclusion is that the trial court erred in this respect, and the judgment rendered by it will be reversed, as between the plaintiff Levy and the bank, and the judgment so reformed as to allow no recovery or foreclosure in favor of the bank as against the plaintiff Levy. In all other respects the judgment will be affirmed. The costs of the appeal will be taxed against the bank.

*Reformed and affirmed.*

OPINION ON MOTION FOR REHEARING.

KEY, Associate Justice.—The bank and Mrs. Williams have filed motions for a rehearing in this case, and both motions will be overruled.

As in the former opinion filed herein we did not discuss the question raised by Mrs. Williams' cross-assignment of error, and as this question is pressed in her motion for rehearing, we will briefly state our views upon it.

E. M. Williams, the husband of Mrs. Jeanie Williams, bought the two lots in controversy, together with four others, for a total consideration of $1200. Of this consideration, the undisputed testimony shows that he borrowed $380 thereof from his wife, and tends to show that up to the time she lent it to her husband, the $380 was her separate property. On this evidence it is contended that Mrs. Williams acquired an equitable interest in the six lots, in the proportion that $380 bears to $1200.

We can not sanction this contention, even conceding that the $380 was her separate property, because the undisputed testimony shows that she lent it to her husband. If the $380 had belonged to her in her separate right when her husband used it in part payment for the lots, there would have been a resulting trust in her favor to that extent. But after her husband borrowed the money from her, the relation of debtor and creditor existed between them, and the money did not belong to her but to her husband, or to the community estate; and no matter how the husband used it, no trust resulted in her behalf.

*Motions overruled.*

Writ of error was refused on applications by both appellant and appellees.