### DELHA EASTHAM v. PATTY & BROCKINTON ET AL.

#### Decided May 31, 1902.

**1.—Pleading—Payments—Specification Necessary.**

In an action on a note a plea setting up payments to plaintiff and to his agent which fails to show to which one of them such several payments were made, or to allege any reason why this could not be done, is bad as against a special demurrer, although it avers that plaintiff has an accurate account of the payments.

**2.—Limitations—Renewal of the Note—Lien Preserved—Partnership.**

Where a firm executed its note, securing it by a mortgage on land, and subsequently one of the partners became sole owner of the land and sold it, and afterwards, but before limitations had run against the note, he personally renewed it, the lien was thereby preserved as against the land, and the fact that the other partner had assumed all the partnership debts was immaterial.

**3.—Pleading—Partial Payments.**

In an action on a note proof of a partial payment not pleaded should be excluded.

**4.—Same—Charge—Without Pleading.**

Where defendant did not allege or prove that plaintiff ever authorized payment to be made at any bank, it was error for the court to charge that deposits made by defendant at a certain bank to the credit of the owner of the note would constitute payment, whether credited on the note or not.

Appeal from Hill. Tried below before Hon. William Poindexter.

*A. G. Walker* and *Geo. I. Jordan,* for appellant.

*R. M. Vaughan, T. P. Works,* and *J. E. Clark,* for appellees.

RAINEY, CHIEF JUSTICE.—On August 20, 1897, appellant filed suit against J. R. Patty and B. K. Brockinton on a note for $4000 executed by the firm of Patty & Brockinton on December 17, 1888, and to foreclose a deed of trust of same date, given by Patty & Brockinton as a firm and J. R. Patty and B. K. Brockinton, on several tracts of land, to secure the payment of said $4000 note; and against the other defendants who had purchased in severalty the mortgaged lands after said deed of trust was executed and recorded, to foreclose the mortgage against any interest that they might have. The defendant Brockinton having become insolvent and left the country, and not served with citation, the case was dismissed as to him.

Appellee Patty pleaded several items of payment. The appellees Thompson and Loveless pleaded that they purchased parts of the land

mortgaged without actual notice of the existence of the mortgage, and that after the note sued on became due, to wit, on November 13, 1893, the appellee Patty, without their knowledge or consent, renewed the note sued on by indorsing thereon: "I renew the within note, and promise to pay the same." Whereby, they being only sureties, such renewal was a release as to them and the land they had purchased. Appellant excepted to said answers, which were by the court overruled.

The jury returned a verdict finding that Patty had paid the debt; judgment was rendered for defendants and against plaintiff for costs. Plaintiff excepted and gave notice of appeal, assigned error, and brings this cause to this court for revision.

Plaintiff specially excepted to defendant Patty's plea of payment for failure to specifically allege when, to whom, and how such payments were made. This exception was overruled, to which ruling exception was made and error duly assigned. Defendant's allegation is: "This defendant shows that at the day and date here below given he made cash payments and caused to be made to plaintiff and her agent, and he is entitled to credit on the note sued on in the several sums so paid and interest thereon as follows:

"February 17, 1890, cash...................................$1,900.00
"Interest to August 20, 1897.............................. 1,289.41
"November 13, 1893, cash.................................. 600.00
"Interest to August 20, 1897.............................. 135.70
"March 9, 1893, cash...................................... 130.00
"Interest to August 20, 1897.............................. 41.14
"March 11, 1891, cash..................................... 500.00
"Interest to August 20, 1897.............................. 275.33

"Total ...........................................$4,871.58

"This defendant, J. R. Patty, further shows that he paid to plaintiff and her agents certain promissory notes as here below shown, and he is entitled to credit and interest thereon, as follows:

"October 9, 1890, J. A. Bracher's note....................$ 392.00
"Interest to August 20, 1897.............................. 224.19
"December 1, 1890, J. A. Snider's two notes............... 384.00
"Interest to August 20, 1897.............................. 222.90
"December 1, 1890, J. O. Redding's four notes............. 1,144.00
"Interest to August 20, 1897.............................. 673.66
"November 8, 1888, H. W. Walls........................... 315.00
"Interest to August 20, 1897.............................. 268.68
"November 8, 1888, J. R. B. and B. A. Bargus and H. W.
Wall's notes ......................................... 120.00
"Interest to August 20, 1897.............................. 99.41

"Total ...........................................$3,843.84

"Defendant says he is unable to give a more accurate description of said notes; that plaintiff has same in her possession, and this defendant demands of her that they be produced or accounted for on the trial of this cause. This defendant further says that he at sundry other times made payments to plaintiff on the note sued on, and here charges that plaintiff has an accurate account of said payments, and here demands that she produce same on the trial of this cause."

It will be noted that said allegations fail to state to whom said payments were made. The defendant in another part of his petition alleges that S. C. Upshaw and J. B. Jones were the agents of plaintiff, but it is nowhere specifically shown which items of cash or which notes were paid to plaintiff Upshaw or Jones respectively. This much plaintiff was entitled to, that she might be apprised of what she was required to meet. If Patty was unable to set forth to whom the various items were paid, then he should by proper averments show why he could not do so, which was not done. His allegation that "plaintiff has an accurate account of said payments," etc., is not sufficient to relieve him of making proper averments. While the point is not raised, we suggest, in view of another trial, that the charging of interest on the cash paid as shown by defendant's plea of payment is not in accordance with the method adopted by our Supreme Court in determining the result when partial payments are made on an indebtedness, in the absence of an agreement as to the application of said payments. See Tooke v. Bond, 29 Texas, 420; Odle v. Frost, 59 Texas, 688; Clark v. Brown, 48 Texas, 212. We are of the opinion that the court erred in not sustaining said special exception.

Appellant complains of the action of the court in overruling her special exceptions 1, 2, 3, and 4, to the answer of defendant Thompson. This plea, in effect, showed that after the execution of the note and mortgage by Patty & Brockinton all the land embraced in the mortgage became the individual property of Patty, who sold it, Thompson holding the tract claimed by him under Patty through mesne conveyances. After Patty sold this tract and before the note was barred by limitation he personally renewed it in consideration of the time for payment being extended. The plea claimed that the removal by Patty did not bind Patty & Brockinton, and that the note was barred by limitation and the land released by reason thereof.

This raises the issue whether or not the action of Patty in renewing the note had the effect to prevent the lien from becoming lost. At the time Patty renewed the note it was not barred by limitation, but more than four years had elapsed from its original maturity till the bringing of this suit.

Where the owner of land mortgages it to secure a debt owing by him, and subsequently it is purchased by a third party, it remains subject to the mortgage and will so remain so long as the debt is kept alive by a renewal thereof. If, however, the debt becomes barred by the statute

of limitation the land becomes freed from the mortgage and a subsequent renewal of the debt will not renew the mortgage as against the purchaser. Flewellen v. Cochran, 48 S. W. Rep., 39, and authorities there cited. Where the land remains the debtor's though the debt becomes barred, if he renews the debt the lien is kept alive. Id.

Patty was personally responsible for the debt, notwithstanding it was a debt created by Patty & Brockinton. When he became the sole owner of the land it was still subject to the payment of the debt, no rights of third parties having intervened. This was the condition when he sold to the party through whom Thompson claims. At the time of Patty's renewal of the debt limitation had not intervened, and while such renewal was not binding on Brockinton it was binding on Patty and the debt was kept alive as to him, and we see no good reason why the lien on the land was not also perpetuated.

This is not a similar case to where a wife, for instance, mortgages her separate estate to secure the debt of her husband. In that case the property stands in relation to the debts as a personal surety, and an extension of time for payment of the debt made by the husband without the wife's consent would release the property from the lien. If, however, the husband mortgaged his own property to secure his debt an extension of time would not affect the lien, if done before limitation intervened, though another had become the purchaser. In this case the same principle applies that governs where a party executes a mortgage on land owned by him to secure a debt contracted by him. The allegations of the petition showed that the lien had not been lost, and the court erred in not sustaining the exceptions urged to defendant Thompson's answer.

The court erred in permitting defendant Patty, over objections, to testify that $1200 had been paid to Captain S. C. Upshaw. No plea was made that this amount had been paid, and in the absence of proper averments it was not admissible.

The court erred in admitting over objections testimony as to an agreement between Patty & Brockinton when they dissolved partnership, to the effect that Brockinton assumed all partnership debts. This agreement could not affect the right of plaintiff. Appellee contends that it was pertinent on the question as to Patty's authority to bind the firm by renewal of the note. In renewing Patty only purported to act for himself. No proof was offered tending to show that he had authority to bind Brockinton, in the absence of which his act would not bind Brockinton; hence the proof was immaterial and might have had an improper effect on the jury.

The following paragraph of the court's charge is assigned as error, to wit: "When the owner of the note, or the agent of such owner, authorizes or instructs the obligor in the note to deposit his payments in a certain bank to the credit of such owner or agent, then all deposits made by such debtor with such bank to the credit of such owner or agent, as payments upon such note, would likewise constitute payment, whether

the owner or agent credited such payments upon such note at the time or not." The objection urged to such charge is that there was no allegation or proof that plaintiff instructed Patty to make payment by deposit in bank, nor that any deposit had been made in any particular bank. The record sustains this contention. The charge seems objectionable in telling the jury that plaintiff would be bound for deposits made by instruction of her agents. Without being specifically empowered, an agent has no authority to direct payment made to another. The giving of the charge was error.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed by the Supreme Court for want of jurisdiction.