FRANCIS S. BANGS ET AL. v. ALFRED CREBBIN ET AL.

Decided May 31, 1902.

**1.—Limitations—Pleading—New Promise—Vendor's Lien.**

Where, in an action on a note and to foreclose a vendor's lien, defendant pleaded limitations against the note, and plaintiff, by supplemental petition, set up a contract extending the time of payment and changing the rate of interest, the plea of limitations did not apply to the new cause of action thus presented, and, not having been pleaded again, was properly disregarded.

**2.—Same—Vendor's Lien Note—Extension.**

Where, before a vendor's lien note is barred by limitations, there is an agreement extending the time of payment, this preserves the lien, even as against subsequent purchasers of the land having notice of the existence of the lien.

**3.—Vendor's Lien—Subsequent Purchasers—Releases.**

Where a deed reserving a vendor's lien contained a stipulation by the vendor that as fast as a certain amount of the purchase money was paid he would release the lien to a five-acre block of the lands, a subsequent purchaser of part of the lands could not complain of releases made accordingly.

**4.—Same—Dedication of Streets.**

Where a deed reserved a vendor's lien, a subsequent purchaser of part of the land with notice that it was to be and had been cut up into lots and blocks and the streets dedicated to public use, could not complain of a release of the lien on such of the land as was thus dedicated to streets and alleys.

Error from Tarrant. Tried below before Hon. M. E. Smith.

*Stanley, Spoonts & Thompson,* for plaintiffs in error.

*Greene & Stewart* and *A. A. Henderson,* for defendants in error.

HUNTER, Associate Justice.—This suit was brought by appellees against appellants in the District Court of Tarrant County on the 11th day of October, 1899, upon a promissory note of $18,500, which was executed by the American Land and Investment Company to the order of Robert McCart, dated June 14, 1889, due on or before three years after date, with interest at the rate of 10 per cent per annum from its date and 10 per cent attorney's fees if placed in the hands of an attorney for collection. Also to foreclose the vendor's lien retained in the deed to secure said note, with others named therein, on certain lands in Tarrant County, Texas. The appellants in possession pleaded general denial, five years limitation against the right to foreclose the vendor's lien, four years limitation against the right to recover on the note, payment, and that the lien on their blocks of land of five acres each only amounted to $400 to the block, and release of a portion of the lien by releasing the lien on the streets, alleys, and thoroughfares, which amounted to about one-third of the land. This answer was filed February 12, 1901.

Appellee in replication filed February 13, 1901, pleaded that by a written agreement entered into on the 12th day of October, 1892, by and between the owners of the lands and the owner and holder of the note, the Yorkshire Investment and American Mortgage Company purchased the note and extended the time for three years from the date of the agreement, the interest thereon being reduced to 7 per cent, payable in London exchange.

To this pleading of appellee, "plaintiffs first supplemental petition," the appellants filed no answer whatever, nor was any exception filed thereto.

The case was tried by the court without a jury, and a final decree entered establishing the amount of the note at $32,254, the vendor's lien on the land described and directing foreclosure thereof to be made by public sale, but no personal judgment against anybody was rendered for the debt because of nonresidence and other causes not necessary to mention in detail, and from this decree this appeal was taken.

The record discloses the following facts: Robert McCart was the owner of five several adjoining tracts of land lying in Tarrant County, Texas, adjacent to the city of Fort Worth and now known as "Arlington Heights," containing in all 900 acres on June 14, 1889, and on that day he sold and conveyed the same to the American Land and Investment Company, a Texas corporation, for the sum of $112,900. Forty-five thousand dollars was paid him in the capital stock of the company and the company assumed $12,000 of vendor's lien debts against the land,

and executed and delivered its three promissory notes for $18,500 each, due in one, two, and three years after the date aforesaid, each bearing interest at the rate of 10 per cent per annum, stipulating for 10 per cent attorney's fees if placed in the hands of an attorney for collection. The deed expressly retained vendor's lien on all the lands to secure the payment of the three notes and the assumed indebtedness aforesaid, all of which were paid except the last,—the one here sued on,—which by its terms became due on the 17th day of June, 1892. This deed was duly recorded at the time. On the back of this note were the indorsements of Robert McCart, the Western Security Company, the Chemical Trust and Savings Bank of Chicago, the Chamberlain Investment Company, the Fort Worth and Arlington Heights Land and Investment Company, and the Yorkshire Investment and American Mortgage Company, Limited, ordering the same paid to Alfred Crebbin, without recourse, dated Bradford, England, March 24, 1899.

On October 12, 1892, an agreement in writing was entered into by and between the then owners of the note and the Yorkshire Investment and American Mortgage Company, Limited, whereby the time of payment of the note was extended three years from the date of said agreement, and the rate of interest changed to 7 per cent per annum, and the note sold to the Yorkshire company for its face value. It has never been paid nor any part thereof, except $400 paid May 20, 1892.

In the deed of McCart conveying this 900 acres of land to the American Land and Investment Company it was stipulated that whenever a payment of as much as $400 was made the amount should be credited on the notes and a release of the vendor's lien should be executed to a five-acre block of the land as requested by the company, and in this way all the land has been released except the streets and alleys and that described in this suit and now owned by the appellants.

The American Land and Investment Company in March, 1890, platted the land into blocks, lots, streets, alleys, reservations, etc., for the purpose of selling to purchasers, and dedicated the streets, alleys, and public thoroughfares to public use, reserving the right to use said streets, alleys, and thoroughfares for water, light, and street railway purposes, and these plats and maps and dedication papers were duly recorded at the time.

On March, 4, 1892, the American Land and Investment Company aforesaid sold and conveyed the lots and blocks upon which foreclosure in this suit is sought, and one additional block to the Fort Worth and Arlington Heights Land and Investment Company, a company organized under the laws of the State of Colorado, upon the consideration that said latter corporation assumed all the incumbrances on said lands; that the lots and blocks upon which the foreclosure is sought were conveyed to appellants on November 14, 1896, and they were in possession of the same when this suit was filed, but were not made parties until the amended petition was filed, February 5, 1900.

The note was barred allowing the three years extension October 16, 1899, but no plea of limitation was filed against the new contract, which .was pleaded by the plaintiff February 13, 1901, and no answer was filed thereto by the appellants.

The streets, alleys, and thoroughfares dedicated to public use comprise about one-third of the 900 acres first conveyed. About three-fourths of the blocks have been released, and those released were twice as valuable as the ones upon which the lien is sought herein to be foreclosed. They were released upon the payment of $400 on each five-acre block, which blocks at the time they were released were worth $4000 each.

The able counsel of appellant earnestly insist that the court erred in not sustaining their plea of limitation of four years in bar of the cause of action on the note, and also in bar of the cause of action on the new contract set up by the plaintiff in reply to the defendants' original plea of limitation of four years against the note. But we think the court did not err in overruling this plea of limitation. It was filed February 12, 1901, and was pleaded only against the note as originally made and declared upon. In reply thereto filed February 13, 1901, the plaintiff Crebbin pleaded the contract of extension of the time of payment for three years from October 12, 1892, and the appellants filed no answer whatever to the new cause of action thus pleaded by the appellees. It is too well settled in this State to cite authorities that a new promise to pay a debt barred by limitation is a new cause of action. This was a new contract, because it changed the rate of interest from 10 per cent to 7 per cent and required it paid in London exchange, and extended the time of payment three years from its date, October 12, 1892—the original note being then past due. This it seems may be done and not effect the lien on the lands even though held by subsequent purchasers for a valuable consideration if the note is not barred by limitation at the time of the extension, and if, by registration or otherwise, they had notice of the lien when they purchased. Montague County v. Meadows, 51 S. W. Rep., 556; Johnson v. Lasker, 21 S. W. Rep., 961; Ware v. Bennett, 18 Texas, 794. This agreement to extend the time of payment evidenced a new cause of action, and it was as necessary to plead limitation to this new cause of action as it was to plead it in the original action on the old note, and no new plea having been filed, the court did not err in disregarding the plea interposed against the note. The plea to the action on the old note was not an answer to the suit on the new contract—to the new cause of action. Stoker v. Patton, 35 S. W. Rep., 64.

The appellants being subsequent purchasers with notice of the promise contained in McCart's deed that whenever $400 was paid a release should be executed to a five-acre block as requested by the vendee, they can not be heard to complain of the releases made on that basis. They also had notice that the land was to be and had been cut up into blocks and

lots, and that the streets, alleys and thoroughfares had been dedicated to public use; besides, they are not purchasers for a valuable consideration but hold under conveyances made by the bondholders of a second mortgage, who at their own foreclosure sale bought the land in question under foreclosure decree expressly declaring that the sale thereunder should be subject to the vendor's lien reserved in the deed executed by McCart.

All the assignments of error have been carefully considered by us and are overruled as having no merit, and no question is involved which would justify extending this opinion by discussing them.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.