HOWELL et al. v. TOWNSEND. (No. 6308.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 31, 1919. Rehearing Denied Feb. 4, 1920.)

1. VENDOR AND PURCHASER ⬤==278—EXTENSION OF TIME OF PAYMENT EXTENDS VENDOR'S LIEN, THOUGH PURCHASER FROM VENDEE IS NOT PARTY THERETO.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5694, barring a recovery on a vendor's lien in four years from the maturity of debt, and article 5695, providing that the debt may be extended by a contract signed by the "party obligated to pay such indebtedness," an extension contract between the vendor and vendee extends the time for recovery under the lien, though a purchaser from the vendee is not a party thereto.

2. VENDOR AND PURCHASER ⬤==279—PURCHASER FROM VENDEE NOT NECESSARY PARTY ON FORECLOSURE OF LIEN.

One purchasing from the vendee land subject to a vendor's lien is not a necessary party to the foreclosure of the lien.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by Foard Townsend against Eli Howell and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Ed H. Wicks, of San Antonio, for appellants.

T. F. Mangum, of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by appellee against Eli Howell and Ira Grounds to recover on two promissory notes for $808 each, executed by said Howell and secured by a vendor's lien on 161½ acres of land out of survey 135, district No. 2, originally granted to the heirs of Edmund Guerin, in Frio county; it being alleged that the land was conveyed to Howell by M. H. Townsend, now deceased, and that afterwards it was conveyed by Howell to Grounds, who had assumed payment of the notes. It was also alleged that appellee was the owner and holder of the notes, and that Ira Grounds had died, and that Curtis Grounds was his executor and administrator, and it was asked that he be made a party, as well as four other heirs of Ira Grounds. It was alleged that the notes were due on January 1, 1910, and January 1, 1911, and the time of payment of each note was extended, by a written contract dated December 22, 1913, until April 1, 1914. The suit was begun on March 2, 1918,

---

⬤==For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

less than four years from extended date of payment. The cause was tried without a jury, and judgment rendered in favor of appellee for the amount of the notes and interest, and for a foreclosure of a vendor's lien, and foreclosure of a lien on a half interest in a note for $1,243.31 pledged by Howell as additional security.

[1] Appellants seek to defeat the claim of appellee on the ground of four years' limitation; the claim being that because Ira Grounds, who purchased the land from Howell, was not a party to the extension of payment of the notes, under the terms of the amendment of April 3, 1913, which is embodied in articles 5694 and 5695, Revised Statutes of Texas, the lien and notes were barred by limitation. It is provided in article 5694 that the right to recover any real estate by virtue of retaining a superior title or vendor's lien in a deed or promissory note shall be barred in four years from the date of maturity of the indebtedness for the purchase money, provided the time of payment is not extended. Article 5695 provides that the debt may be extended by a contract of extension signed and acknowledged, as provided for deeds, by the "party or parties obligated to pay such indebtedness," and duly recorded, and the "lien shall continue and be in force until four years after maturity of the notes as provided in such extension." It is provided in the article that the owners of all notes secured by deeds of trust, as other liens, and the owners of all vendor's lien notes reserved in deeds, which were executed subsequent to July 14, 1905, shall have four years after the law became effective—that is, June 30, 1913—in which to obtain extensions on the same or enforce them by suit.

The two notes which form the basis of this suit became due, respectively, on January 1, 1910, and January 1, 1911, and consequently neither was barred by limitation when the law went into effect, and, by virtue of the law of 1913, the owner of the notes was given four years from June 30, 1913, in which to secure an extension of the notes. On December 22, 1913, an extension was obtained from Eli Howell, the maker of the notes, until April 1, 1914, and, if that extension was valid, the notes and vendor's lien were not barred until four years after the last-named date—that is, April 1, 1918—and were in effect when the suit was instituted on March 2, 1918.

[2] Undoubtedly the extension, being executed and recorded as required by law, secured the indebtedness and fixed the lien four years from April 1, 1914, as against Eli Howell, the vendee of M. H. Townsend, and it is not apparent how the validity of the extension could have been affected by the failure of a subvendee to execute an extension. The original vendor was under no obligation to recognize any right of the subvendee, except perchance that of paying off and discharging the debt. He was not a necessary party to a foreclosure of the vendor's lien, but could have been omitted altogether from the suit. Ufford v. Wells, 52 Tex. 612; Robinson v. Kampmann, 5 Tex. Civ. App. 605, 24 S. W. 530; Foster v. Powers, 64 Tex. 247; Cattle Co. v. Boon, 73 Tex. 556, 11 S. W. 544. In other words, the original vendor of land is not compelled to make purchasers from his vendee a party to a suit for foreclosure of the vendor's lien retained in the deed, but the purchaser must protect his own equities in the land. The subsequent purchaser can be ignored by the original vendor, because the original vendee has no right or authority to force any other person into his contract with his vendor.

If the subsequent purchaser is not a necessary party to a suit to foreclose a lien on the property he has purchased from the original vendee, we fail to see any right that he has to interfere in a contract of extension of the debt of the vendee to his vendor. The subsequent purchaser was not a party to the debt secured by a lien on the land he has subsequently purchased, and cannot be recognized in any contract as to the debt between the original parties. All the right he could possibly have would be to discharge the debt and lien on the property. The law will not recognize any claim of such subsequent purchaser to destroy the debt by technicalities in which there is no merit, and lift the lien from land for which he has not paid. Hatton v. Bodan Lumber Co., 57 Tex. Civ. App. 478, 123 S. W. 163. It has been held that the vendee can renew a vendor's lien note and that it will be valid and binding on a subsequent purchaser from the vendee. Ware v. Bennett, 18 Tex. 807; Foote v. O'Roork, 59 Tex. 215; Slaughter v. Owens, 60 Tex. 670; King v. Brown, 80 Tex. 276, 16 S. W. 39; Flewellen v. Cochran, 19 Tex. Civ. App. 499, 48 S. W. 39; Eastham v. Patty, 29 Tex. Civ. App. 473, 69 S. W. 224.

The very language of article 5695 is conclusive, as against the contention of the appellants, and clearly indicates that by "the party or parties obligated to pay such indebtedness" was meant the original vendee or vendees, who executed the notes for the purchase money to the original vendor. There is nothing in the law that sustains the position that in order to obtain such extension the vendor would be compelled to obtain the consent and promise of any and all subvendees from the original vendee.

The judgment is affirmed.