## COOKSEY v. BLAIR. (No. 974.) *

(Court of Civil Appeals of Texas. Beaumont. June 23, 1923. Rehearing Denied Oct. 10, 1923.)

I. Deeds ☞8—Conveyance of property already conveyed conveys no title.

Where property has been conveyed by the owner, his subsequent conveyance conveys no title.

2. Mortgages ☞424—Renewal of deed of trust barred by limitation did not renew the trust deed lien on property sold by mortgagor.

Under Complete Tex. St. 1920, art. 5695 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695), where property which was subject to a trust deed was by the grantor in 1908 conveyed to defendant, and the grantor's indebtedness secured by the trust deed was renewed by him by executing new notes and a new deed of trust in 1914, when the indebtedness was barred by limitations, such renewal did not renew the trust lien against the property conveyed to defendant.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Trespass to try title by J. B. Cooksey against Sam Blair. From a judgment for defendant, plaintiff appeals. Affirmed.

R. E. Prince and W. H. Jack, both of Corsicana, for appellant.

J. M. Blanding and Callicutt & Johnson, all of Corsicana, for appellee.

WALKER, J. This suit was instituted by appellant against appellee in trespass to try title, and in the alternative to foreclose a deed of trust lien upon the property in controversy. He also pleaded that the property in controversy was deeded to appellee through mistake by one F. W. Norton. For the purposes of this opinion it is necessary to refer only to appellee's pleas of limitation. The judgment was upon an instructed verdict in favor of appellee. The property in controversy was community property of

F. W. Norton and his deceased wife. Joined by his son, W. H. Norton, who was the only surviving heir of his deceased wife, F. W. Norton deeded the property in controversy to appellee in 1908. At that time appellant held a deed of trust against a large amount of F. W. Norton's property, including the property in controversy. On June 2, 1909, because of the default of F. W. Norton in meeting his obligation under the deed of trust, and in accordance with its provisions (W. H. Norton being dead at that time), appellant declared all of his indebtedness, against F. W. Norton, due and payable. On the 24th day of April, 1914, Norton renewed all his indebtedness to appellant by executing new notes and a new deed of trust. The value of the property in controversy was small in comparison with the Norton indebtedness to appellant, and to the other property covered by the deed of trust. On the 21st day of December, 1920, Norton deeded the property in controversy, together with a large amount of other mortgaged property, to appellant as a credit upon his indebtedness. Appellee took his deed from the Nortons in 1908 without any actual knowledge of the deed of trust in favor of appellant, though it was of record. If the evidence raised an issue that the property in controversy was included through mistake in the deed from the Nortons to Blair, which we doubt, then we say it appears without controversy that the Nortons, within a few weeks after the execution of the deed, had actual knowledge of the mistake.

## Opinion.

1. The court did not err in refusing to submit the case to the jury upon the theory of mistake. If there was a mistake made by the Nortons in including the property in controversy in the deed to Blair, then the cause of action based on such mistake was barred by limitation.

[1] 2. As the Nortons had conveyed the property to Blair in 1908—which they had a right to do—their deed to Cooksey in 1920 conveyed him no title. There was no issue of title in his favor to submit to the jury.

[2] 3. Appellant's notes against F. W. Norton were barred by limitation at the time the renewal notes and deed of trust were executed on the 24th day of April, 1914. While as between him and appellant Norton could renew the notes and deed of trust lien, he could not renew it against property covered by the barred deed of trust, which he had sold. Article 5695, Texas Complete Statutes; Cason v. Chambers, 62 Tex. 305; Riggs v. Hamrick, 59 Tex. 570; Hodges v. Taylor, 57 Tex. 199; McKeen v. James (Tex. Civ. App.) 23 S. W. 460; Levy v. Williams, 20 Tex. Civ. App. 651, 49 S. W. 930, 50 S. W. 528; Cook v. Prindle, 97 Iowa,

464, 66 N. W. 781, 59 Am. St. Rep. 424; McCarthy v. White, 21 Cal. 495, 82 Am. Dec. 754; Holford v. Patterson (Tex. Civ. App.) 240 S. W. 347.

The following authorities, recognizing the soundness of the proposition we have just discussed, hold that a note and lien can be renewed against property which the mortgagor has sold, provided the original indebtedness is not barred: Eastham v. Patty, 29 Tex. Civ. App. 473, 69 S. W. 224; Flewellen v. Cochran, 19 Tex. Civ. App. 499, 48 S. W. 39; Bangs v. Crebbin, 29 Tex. Civ. App. 385, 69 S. W. 441; Allison, etc., v. Welder (Tex. Civ. App.) 220 S. W. 392; Templeman, etc., v. Kempner (Tex. Civ. App.) 223 S. W. 293.

Affirmed.