SKAER v. FIRST NAT. BANK OF PARIS.*
(No. 3298.)

Court of Civil Appeals of Texas. Texarkana.
Feb. 3, 1927.

Rehearing Denied Feb. 17, 1927.

1. Limitation of actions ⊕172—Purchaser under execution sale of mortgaged chattel, sued for conversion by mortgagee, may plead that debt is barred by limitation (Rev. St. 1925, art. 3797).

Under Rev. St. 1925, art. 3797, seizure and sale in attachment proceedings of mortgaged chattels in lawful possession of mortgagor without notice to mortgagee is not a legal wrong on mortgagee, and purchaser at execution sale acquires possessory and other rights which mortgagor might claim, prior to a foreclosure, including the right, when sued for conversion by mortgagee, to set up defense that mortgage debt was barred by limitation.

2. Limitation of actions ⊕172—Right to invoke limitation against remedy passes to one lawfully acquiring chattel on which remedy is to operate.

Though limitation does not extinguish chattel mortgage debt and affects only the remedy for its collection, the right to invoke the bar against the remedy passes to one who lawfully acquires the property on which the remedy is to operate.

3. Chattel mortgages ⊕170(2)—Personal liability of attaching creditor or purchaser under execution to chattel mortgagee rests on ownership and possession not subject to mortgage.

Personal liability of an attaching creditor or purchaser under execution to a chattel mortgagee does not rest on commission of a legal wrong in seizing or purchasing the property, but on the fact that he owned and had possession, or did not hold property subject to the conditions of the mortgage.

Appeal from District Court, Lamar County.

Action by A. W. Skaer against the First National Bank of Paris, Texas. Judgment for defendant, and plaintiff appeals. Affirmed.

Tom L. Beauchamp, of Paris, for appellant.
W. F. Moore and Long & Wortham, all of Paris, for appellee.

HODGES, J. The appellant sued the appellee bank to recover damages for the conversion of certain personal property upon which he claimed a mortgage. This appeal is from an order sustaining a demurrer to the original petition and dismissing the case.

The petition alleges, in substance, the following facts: That on dates ranging from May 9, 1919, to July 28, 1920, the Aud's Creek Oil Company, while drilling a well in Lamar county, Tex., executed and delivered to the American National Bank of Augusta, Kan., five promissory notes, aggregating $14,500, the last note to mature due September 22, 1920. In due course of business, and for a valuable consideration, the notes were transferred and delivered to the appellant, who thereby became the owner and holder thereof. Prior to the assignment of the notes, the Aud's Creek Oil Company executed a chattel mortgage on certain material and machinery situated in Lamar county to secure the payment of those notes. The mortgage was duly filed in the office of the county clerk of Lamar county on May 12, 1919.

A copy of the mortgage is attached to the petition and referred to as an exhibit. It covers numerous articles of machinery and material used in drilling oil wells, and recites that it was to secure two promissory notes, both dated May 9, 1919, and due June 9 following. One of the notes was for $2,500, and the other for $5,000. The note for $2,500 is not among those described in the body of the plaintiff's petition.

It was further alleged that on August 10, 1920, the Aud's Creek Oil Company, for the purpose of further securing the notes held by the plaintiff, executed and delivered to him its assignment, in writing, "duly assigning and setting over unto the plaintiff" all of its right and interest in the material and machinery described in an exhibit to the petition:

"And then and there the said plaintiff became the lawful owner and entitled to the immediate possession of the said property; a copy of which said assignment is hereto attached as a part hereof and marked as Plaintiff's Exhibit D."

The value of the mortgaged property is alleged to be $35,000.

On or about December 5, 1922, in Lamar county, Tex., the First National Bank caused all of the property covered by the chattel mortgage to be seized and sold, and the proceeds appropriated by the bank to its own use. Appellant asks for damages in the sum of $19,648.87. The mortgage described is in the usual form, and specifies that it was executed to secure the two notes last above described.

[1] The plaintiff's petition was excepted to upon several grounds, but only one of those sustained by the court will be discussed—that the pleadings show upon their face that debt secured by the mortgage was barred by limitation at the time this suit was filed. That fact is conceded by the appellant, but he contests the proposition that it defeats his cause of action. He contends, in effect, that his cause of action arose when the conversion took place, which occurred at a time when the note was an enforceable obligation, and continues two years, regardless of the bar of limitation against the collection of the debt. The question then is, Can one who purchases mortgaged personal property, when sued for a conversion, plead that the debt is barred by limitation? In answering that

---

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused April 13, 1927.

question, it will be assumed that the mortgagor in this case was in the lawful possession of the property, and it was taken by some process of law and before the debt was barred by limitation. In his brief appellant states that an attachment writ had been levied upon the property at the instance of the appellee, and that the property was sold on December 5, 1922, under an order of sale issued on a judgment foreclosing the attachment lien. Article 3797 of the Revised Civil Statutes of 1925 provides that:

"Goods and chattels, pledged, assigned or mortgaged as security for any debt or contract, may be levied upon and sold on execution against the person making the pledge, assignment or mortgage subject thereto; and the purchaser shall be entitled to the possession when it is held by the pledgee, assignee or mortgagee, on complying with the conditions of the pledge, assignment or mortgage."

Under that provision of law the appellee had the right to levy upon and sell the mortgaged property, subject to the rights of the mortgagee and the conditions of the mortgage. There was, therefore, no legal wrong committed by the mere seizure and sale of this property in the attachment proceedings. The right of possession being in the mortgagor, the purchaser at the execution sale would acquire the right of possession and all other rights which the mortgagor might claim prior to a foreclosure. In succeeding to the ownership of the property the purchaser also succeeded to all the defenses, which the mortgagor, had he remained the owner, might have pleaded against subjecting the property to the payment of the debt. That would include the right to plead that the debt was barred by limitation. Levy v. Williams, 20 Tex. Civ. App. 651, 49 S. W. 930, 50 S. W. 528; Clark v. Scott (Tex. Civ. App.) 212 S. W. 728; Boucofski et al. v. Jacobsen, 36 Utah, 165, 104 P. 117, 26 L. R. A. (N. S.) 898, and notes; Wood on Limitation (3d Ed.) p. 100; 17 R. C. L. pp. 963, 964; 13 A. & E. Enc. Pldg. & Prac., pp. 194, 195. It is often said that the defense of limitation is a personal right of the debtor. But, as held by the authorities above cited, it belongs to sureties bound for the debt and to subsequent purchasers of incumbered property.

Appellant seeks a reversal of this judgment upon the proposition that, in seizing and selling the property under the attachment writ, the appellee committed a trespass, or legal wrong, which immediately gave rise to a cause of action, and that this cause of action would not be abated by the legal bar against judicial proceedings to collect the note. It is contended that limitation does not extinguish the debt, but only takes away the right to sue for a judgment.

[2] It is true, limitation does not extinguish the debt and affects only the remedy for its collection. But the right to invoke the bar against the remedy passes to one who lawfully acquires the property upon which the remedy is to operate.

[3] To hold that the appellee, in seizing and selling the property under the writ of attachment, committed a legal wrong, or trespass, which might constitute a distinct cause of action, would render the statute previously quoted nugatory. The fact that this proceeding was consummated without the knowledge or consent of the appellant, the mortgagee, is of no importance, since it might have been done over his protest. The personal liability of the attaching creditor, or purchaser under execution, does not rest upon the commission of a legal wrong in seizing or purchasing the property, but upon the fact that he owned and had possession, or did not hold the property subject to the conditions of the mortgage. International-Great Northern R. Co. v. Oehler (Tex. Civ. App.) 262 S. W. 785.

We are of the opinion that the exception was properly sustained, and the judgment will be affirmed.