## HOLCROFT et ux. v. WHEATLEY et al.

### No. 4831.

Court of Civil Appeals of Texas. Amarillo.

Dec. 13, 1937.

Rehearing Denied Jan. 24, 1938.

K. H. Dally, of Borger, for plaintiffs in error.

Curtis Douglass, of Panhandle, for defendants in error.

JACKSON, Chief Justice.

On May 18, 1922, H. H. Cleek and his wife, Opal Cleek, gave to the White House Lumber Company, a corporation, a series of promissory notes aggregating the sum of $1,770, the last of which became due on the 20th of May, 1923. Contemporaneously with the notes, they executed and delivered to said lumber company a materialman's lien covering lot No. 10, and the south half of lot No. 11, in block No. 57 of the town of Panhandle, Tex., to secure the payment of said notes.

On the 18th of August, 1925, in due course of trade, Mrs. Mattie Wheatley became the legal owner and holder of said notes and the unpaid balance evidenced thereby for the sum of $1,000.

On November 15, 1926, H. H. Cleek and wife, by their proper deed, conveyed the premises to F. J. Holcroft, who, as a part of the consideration therefor, assumed and promised to pay to Mrs. Mattie Wheatley the $1,000 and interest, evidenced by the above unpaid notes.

On August 24, 1935, H. H. Cleek, his wife, and Mrs. Wheatley entered into a renewal and extension agreement by the terms of which the maturity date of said notes was extended to August 25, 1935, and the lien securing the payment thereof renewed, but F. J. Holcroft and wife were not parties to such extension agreement.

On August 17, 1936, Mrs. Mattie Wheatley, the appellee, instituted this suit in the district court of Carson county to recover a judgment jointly and severally against H. H. Cleek, his wife, Opal, and F. J. Holcroft and his wife, Myrtle, for the sum of $3,000, and the foreclosure of her alleged lien against the property in controversy.

H. H. Cleek and his wife defaulted.

F. J. Holcroft and his wife pleaded as a defense against the debt and the lien, general denial, plea of not guilty, and the statute of four years' limitation. Vernon's Ann.Civ.St. art. 5527.

The case was tried before the court, and on September 26, 1936, judgment was rendered in behalf of appellee, Mrs. Mattie Wheatley, against H. H. Cleek and his wife, by default, for the sum of $1,629.83, and a foreclosure of the lien on the lots in controversy against them and the appellants herein, F. J. Holcroft and wife.

■ The last of the series of notes evidencing a part of the consideration for the land was due May 20, 1923, and if no action to enforce the payment and foreclose the lien was brought thereon within four years from said date, limitation, if invoked, would bar a recovery on the notes, and since the lien is only an incident to the debt, no foreclosure of the lien could be enforced.

■ F. J. Holcroft and his wife, on November 15, 1926, in the deed conveying them the land, assumed and promised to pay the notes of appellee, and limitation was thereby extended for a period of four years from that date; hence, the assumption and promise by appellants in the deed to pay was not subject to the bar of limitation until November 15, 1930.

■ However, on November 15, 1926, Cleek and wife had parted with the title to the premises by a conveyance to the Holcrofts, and on August 21, 1935, when the Cleeks entered into the renewal and extension agreement with appellee, the notes and the lien securing the payment thereof had been barred for a period of more than four years and nine months, therefore, they could not either renew the notes or revive the lien against the Holcrofts for the benefit of appellee.

In Cooksey v. Blair, Tex.Civ.App., 254 S. W. 509, the court says:

"Appellant's notes against F. W. Norton were barred by limitation at the time the renewal notes and deed of trust were executed on the 24th day of April, 1914. While as between him and appellant Norton could renew the notes and deed of trust lien, he could not renew it against property covered by the barred deed of trust, which he had sold. Article 5695, Texas Complete Statutes; Cason v. Chambers, 62 Tex. 305; Riggs v. Hanrick, 59 Tex. 570; Hodges v. Taylor, 57 Tex. [196] 199; McKeen v. James (Tex.Civ.App.) 23 S.W. 460; Levy v. Williams, 20 Tex.Civ.App. 651, 49 S.W. 930, 50 S.W. 528; Cook v. Prindle, 97 Iowa, 464, 66 N.W. 781, 59 Am. St.Rep. 424; McCarthy v. White, 21 Cal. 495, 82 Am.Dec. 754; Holford v. Patterson (Tex.Civ.App.) 240 S.W. [341] 347.

"The following authorities, recognizing the soundness of the proposition we have just discussed, hold that a note and lien can be renewed against property which the mortgagor has sold, provided the original indebtedness is not barred: Eastham v. Patty, 29 Tex.Civ.App. 473, 69 S.W. 224; Flewellen v. Cochran, 19 Tex.Civ.App. 499, 48 S.W. 39; Bangs v. Crebbin, 29 Tex.Civ. App. 385, 69 S.W. 441; Allison-Richey, etc., v. Welder (Tex.Civ.App.) 220 S.W. 392; Templeman & Son v. Kempner (Tex. Civ.App.) 223 S.W. 293. Affirmed."

■ In Holford et al. v. Patterson, 113 Tex. 410, 257 S.W. 213, 214, Judge Greenwood, speaking for the Supreme Court, quotes with approval the following language from Justice Williams of the Galveston Court of Civil Appeals, Flewellen v. Cochran, 19 Tex.Civ.App. 499, 48 S.W. 39: "'If the debt once becomes barred, the lien is lost; and while the debtor can, by

his acknowledgment restore both where he still owns the property affected by the lien, he cannot, by such an acknowledgment, restore the lien upon property which has ceased to be his, through his conveyance of it to another'—citing Hodges v. Taylor, supra [57 Tex. 196], Riggs v. Hanrick, 59 Tex. 570, Cason v. Chambers, 62 Tex. 305, and Arledge v. Hail, 54 Tex. 398, which amply support the proposition."

These authorities, as we understand them, are conclusive against appellee's contention.

The judgment decreeing appellee a lien and foreclosure against the land in controversy is reversed and here rendered denying her any recovery against appellants, or any lien or foreclosure thereof on the land, but in all other respects it is affirmed.