United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41792

In The Matter Of:  VERNA KAY HERMAN

      Debtor

———————————————————————

JOHNNY MILEN NEELY; GARY DEAN JACKSON

      Appellants

   v.

VERNA KAY HERMAN

      Appellee

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas, Tyler
No. 6:04-CV-172

———————————————————————

Before KING, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

In this appeal, appellants Johnny Neely and Gary Jackson contend that the district court improperly interpreted a 1994 divorce decree as establishing an equitable lien on property in Lindale, Texas (the "Lindale Property") rather than granting a money judgment.  If appellants are correct, their interests are

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

subject to Texas's ten-year statute of limitations for the execution of a judgment rather than Texas's four-year statute for the collection of a debt.  Compare TEX. CIV. PRAC. & REM. CODE ANN. § 34.001 (Vernon 2002), with id. § 16.004.

Appellee Verna Herman and her husband William Chappell acquired the Lindale Property in 1988, financing the purchase with loans from Herman's children, Jeff Brown, Natalie Brown, and Wendy Melton (collectively, the "Children").  When Herman petitioned for divorce from Chappell, the Children intervened to protect their interests.  The resulting divorce decree contains the following language:

> [The Lindale Property] on which land and improvements several indebtednesses presently exist, which by this Decree are the sole responsibility of [Verna Herman] to whom this real property is being awarded, and which are further impressed with a resulting trust for consideration paid for said property from the social security payments of Jeff Brown in the sum of $32,815.02 . . . and Natalie Sherie Brown in the sum of $33,270.77 . . . and child support payments of Wendy Kay Melton in the sum of $28,169.00 . . ., said trust being secured by the imposition of an equitable lien in the stated sums for the benefit of [the Children].

In 2002, Jeff Brown and Natalie Brown transferred the interests awarded to them under the divorce decree to Neely, and Wendy Melton transferred 80% of her interest to Neely and the remaining 20% to Jackson.

Despite appellants' claim that the divorce decree granted a money judgment to the Children, the district court properly

2

concluded that the decree established an equitable lien. Not only does the provision explicitly provide for an equitable lien, it is entirely devoid of any language that could be construed as ordering Herman to pay any sum to the Children.

At oral argument, appellants directed the court's attention to the following portion of the divorce decree:

> IT IS FURTHER ORDERED AND DECREED that [Herman] and [Chappell], respectively, shall pay, as a part of the division of the estate of the parties, all of the debts, charges, liabilities, and obligations of the parties existing as of the date hereof which are secured by property awarded to [Herman] or [Chappell] . . . .

This provision does not, as appellants assert, order Herman to pay her debt to the Children, but instead merely allocates Herman's and Chappell's debts between them without altering the terms by which those debts must be paid. This meaning is illustrated not only by the language of the provision in its context within the divorce decree, but also by the lack of any antecedent demand by the Children that Herman pay the debt owed.[1]

---

[1] We are unpersuaded by appellants' claim that section 3.06 of the Children's motion to intervene in the divorce proceedings establishes that they were seeking a judgment against Herman. The provision speaks of a money judgment only against Chappell, not Herman, as one of several options to secure the Children's interests, and only in the unrealized situation where the court orders the property sold and the money recovered is insufficient to pay the total amount owed to them.

Further, despite the importance that appellants place on the fact that the Children were parties to the divorce proceedings, there is no basis to conclude that their mere intervention in the proceedings has any relevance to whether the disputed language grants an equitable lien or a money judgment.

Because the Children did not enforce the underlying debt and foreclose on the equitable lien before the four-year statute of limitations applicable to the underlying debt had run, the district court properly concluded that the equitable liens granted to Jeff Brown and Natalie Brown are now unenforceable. See Holcroft v. Wheatley, 112 S.W.2d 298, 299 (Tex. Civ. App.--Amarillo 1937, writ dism'd) ("[I]f no action to enforce the payment and foreclose the lien was brought thereon within four years from said date, limitation, if invoked, would bar a recovery on the notes, and since the lien is only an incident to the debt, no foreclosure of the lien could be enforced.").

AFFIRMED. Costs shall be borne by appellants.