## THE HEIRS OF JOHN E. ROSS ET AL. v. WILLIAM L. MITCHELL ET AL.

A contract for the location of a land certificate, when the terms of such contract are not shown, does not give, by implication, to the party locating the certificate and procuring the patent, a right to any portion of the land. The only assumpsit implied by law in such a case would be for the payment in money of the reasonable value of the services rendered.

Title to an interest in land cannot be sustained by mere inferences from isolated facts, without anything to show how, when, or from whom the claimant acquired his interest.

See the mortgage in the statement and the opinion in this case, as to the rights of the mortgagee of a land certificate, by virtue of a mortgage empowering him to "locate, enter upon, enjoy, and dispose of said land." Such a clause must, like all others, be construed with reference to the character and purpose of the instrument. It cannot change the instrument from being a mere security for a debt to an absolute conveyance, nor does it enlarge the rights or privileges of the mortgagee, otherwise than for the purpose of giving him more ample and certain security for his money.

That the rights conferred by a mortgage cease when the debt thereby secured becomes barred by limitation is no longer an open question.

It was incumbent on parties claiming rights under the mortgagee, in the case above indicated, to show that the debt to the mortgagee was a valid and subsisting liability against the mortgagor, at the time the mortgagee assumed, by the exercise of his powers under the mortgage, to transfer to another an interest in the subject-matter of the mortgage.

ERROR from Ellis. The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

Suit for specific performance and for partition, commenced in the District Court of Hill county, on the 31st day of May, 1856, by William L. Mitchell, against the plaintiffs in error. Subsequently the venue was changed to the county of Ellis, and Mitchell was joined by Stubblefield, as a co-plaintiff. These parties claimed one-third of the "John E. Ross league and labor," as their "locative interest" in the tract. The derivation of their claim is substantially indicated in the opinion of the court, it being understood that Mitchell, the actual locator, claimed one-sixth by con-

tract under Wynne, and Stubblefield the other sixth by purchase from Wynne. Wynne claimed the third under Taylor, whose interest in the certificate consisted in a mortgage from Ross, which, being referred to in the opinion, is here set out:

"This indenture, made the seventh day of August, A. D. one thousand eight hundred and thirty-nine, between John E. Ross, of the county of Harrisburg, republic of Texas, of the one part, and Nathan Taylor, of the city of Galveston, republic aforesaid, of the other part: Whereas the said John E. Ross, by a certain obligation or writing obligatory, under his hand and seal, bearing even date herewith, stands bound unto the said Nathan Taylor in the sum of three hundred and twenty-five dollars, on the first day of October next ensuing the date hereof: Now, this indenture witnesseth, that the said John E. Ross, for and in consideration of the aforesaid sum or debt of three hundred and twenty-five dollars, and for the better securing the payment thereof unto the said Nathan Taylor, his executors, administrators, and assigns, or discharge of the said recited obligation, as of the further sum of one dollar, to him in hand paid by the said Nathan Taylor, at and before the ensealing and delivering hereof, the receipt whereof is hereby acknowledged, hath granted, bargained, sold, released, and confirmed, and by these presents doth grant, bargain, sell, release, and confirm, unto the said Nathan Taylor, his heirs and assigns, all of a certificate for one league and labor of land, No. 1023, issued by the board of land commissioners for Harrisburg county to the said John E. Ross, as a citizen's head-right, together with all and singular the rights, hereditaments, liberties, and privileges thereunto belonging or in anywise appertaining, with full authority to locate, enter upon, enjoy, dispose of said land, as if acquired by a good and lawful title, unto the said Nathan Taylor, his executors, administrators, and assigns, forever: *Provided always, nevertheless,* That if the

said John E. Ross, his heirs, executors, or administrators, shall, and do well and truly pay, or cause to be paid, unto the said Nathan Taylor, his executors, administrators, or assigns, the aforesaid debt of three hundred and twenty-five dollars, on the day and time hereinbefore mentioned and appropriated for payment thereof, without any fraud or further delay, then and from thenceforth, as well this present indenture and land hereby granted, as the said recited obligation, shall cease, determine, and become absolutely null and void, to all intents and purposes, anything hereinbefore mentioned to the contrary in anywise notwithstanding."

This instrument was executed by both parties.

There were a verdict and judgment for the plaintiffs, with decree of partition. The motion of defendants for a new trial was overruled, which, with other causes, is assigned by them as error.

*John Gregg*, for plaintiffs in error.

*A. Bradshaw*, for defendants in error.

MOORE, C. J.—The judgment in this case must be reversed. The defendants in error, who were the plaintiffs in the court below, failed to establish any contract, either expressed or implied, for the land claimed by them. On the facts presented in this record the judgment could be sustained only on the supposition that the contract for the location of a certificate, the terms and conditions of which are not shown, by implication gives to the party locating and procuring the patent a right to one-third of the land. The law certainly attaches no such presumption to contracts of this character. The only assumpsit or promise which the law implies from the performance of work and labor for another, is for the payment in money of the reasonable value of the services rendered. The

most favorable view which can be taken of this case for the plaintiffs below, and the parties through whom they claim to derive their rights, is, that the contract between John E. Ross and Nathan Taylor is, that Taylor was thereby invested with a sufficient title or interest in the certificate to authorize him to give a locator a part of the land for its location. But, admitting this to be the construction of the instrument, there is no proof in the record that Taylor contracted with any one to give a part of the land for its location. The witness, Wynne, it is true, says that Taylor gave him the certificate to locate, and incidentally, in another connection, he says that his interest in the certificate was one-third; but nowhere does he say that Taylor contracted to give him any interest in the certificate or the land located by it. We cannot infer that he was entitled to a third of the land merely from the fact that it was placed in his hands by the party entitled to it, if this were the case, and his mere statement that his interest in the certificate was one-third, without anything to show how, when, or from whom he derived such interest. The court cannot, on such slight foundations, build titles of this kind.

It cannot be held, however, that the instrument executed August 7, 1839, by Ross to Taylor, operated as an assignment or passed the absolute and indefeasible title of the certificate to Taylor upon Ross's failure to pay the amount of his indebtedness, as therein agreed. It, in unmistakable terms, declares itself to be a mortgage; that it was intended to secure payment of the debt mentioned in it, and that all rights and interest vested by it in Taylor should become void upon payment. The authority given in it to Taylor to "locate, enter upon, enjoy, and dispose of said land, as if acquired by good and valid title," cannot be held to change the legal character and nature of the contract. This clause of the instrument, like all others, is to be understood and construed with reference to its purpose and object. If the rights or privileges already conferred on the

grantee (Taylor) were thereby enlarged, it was only for the purpose of giving him more ample and certain security for his money. When this was paid, these, as well as all other stipulations in his favor, were to "cease, determine, and become absolutely null and void."

By a liberal construction of this part of the contract Taylor may be held to have had authority to sell the mortgaged property upon default in the payment of his debt, and that he could, for its better security, have located the certificate; that the outlay for doing this was a proper charge upon the mortgaged property, and possibly, therefore, he could have given a part of the land to get this done; but, as he could do this merely to acquire a better security for his debt, his power to do so would unquestionably cease when the debt itself was discharged, or such length of time had elapsed as raised the presumption of its payment. That the rights conferred by the mortgage cease when the debt for whose security it is given is barred is not now an open question. There is no evidence that Taylor's debt has been paid. It was, however, unless there are facts not disclosed in the record to negative this conclusion, manifestly barred by limitation long before the location of the certificate. Nor can we say this was not the case when it was delivered, as alleged, by Taylor to Wynne. It was certainly incumbent upon the plaintiffs below, in any view we can take of the case, to have shown that Taylor's debt was a valid and subsisting liability against Ross when he contracted with Wynne for the location of the certificate. Having failed to do this, they were not entitled to a verdict, and the motion for a new trial should have been granted.

Other questions presented by the record may not arise upon another trial, and as most of them (especially those presenting the equities on behalf of the parties claiming to be innocent purchasers) are not presented by the bills of exception in a manner to enable us to announce a satisfac-

tory opinion upon them, we deem it unnecessary to discuss them.

There was error in overruling the motion for a new trial, and the judgment is therefore reversed and the cause

REMANDED.