<hr/>

## J. A. SPRAGUE AND ANOTHER V. JOHN IRELAND.

In 1855, one C. conveyed land to a trustee, to secure payment of notes due January 1st, 1857; and the deed was duly recorded on the day of its execution. On the 18th of April, 1857, C. made a second deed of trust on the same land, to secure other notes, payable at nine, eighteen, and twenty-one months thereafter; and this deed also was duly recorded. In 1866, the trustee under this second deed sold the land to the defendant and appellant. The trustee under the first deed sold the land to the plaintiff and appellee in 1869; at which time limitation had barred suit on the notes secured by this deed, and admitted to be unpaid. *Held*, that notwithstanding the notes secured by the first deed were barred at the date of the sale to the plaintiff, yet the trust and power of sale vested in the trustee by that deed were not barred or extinguished, and his sale vested in the plaintiff a good title as against the defendant, who purchased under the second deed though at the first sale. (Fisk *v.* Wilson, 15 Texas, 430, and Ware *v.* Bennett, 18 Texas, 794, cited by the court.)

ERROR from Guadalupe. Tried below before the Hon. Henry Maney.

This suit was trespass to try title, brought by Ireland against one R. E. Saunders, who was in possession of the property in

controversy, a town lot in Seguin. Saunders occupied the lot as tenant of Sprague, who was the purchaser at the sale in 1866, and who was admitted as a defendant.

*W. E. Goodrich*, for the plaintiffs in error.

*J. P. White* and *W. H. Burgess*, for the defendant in error.

OGDEN, J. In 1855 Campbell conveyed to Thornton by deed of trust a certain lot of land to secure the payment of certain notes due in 1857. In 1857 he made another trust deed to Parrish to secure the payment of other notes. In 1866 Parrish sold the property under the second deed of trust to one of the plaintiffs in error, and in 1869 Thornton sold the same property under the first deed of trust to the defendant in error, who brought suit in the District Court against the lessee of the purchaser under the second deed of trust, and obtained a judgment, upon which a writ of error was sued out and the cause brought to this court for revision.

The main question for decision is, could the trustee under the first deed sell the property and make a good title, after the notes, to secure the payment of which the deed was executed, had become barred by the statutes of limitation; or rather, could he execute the trust after a suit on the debt would be barred? There is, however, a preliminary question raised, which we think Article 4629, Paschal's Digest, has settled, that " the statute of limitation of this State shall not be made avail- " able to any persons, in any suit in any of the courts of this " State, unless it is specially set forth as a defense in their " answers."

There is no question in regard to the validity of the first trust deed, when executed, and it is admitted that the debt, to secure which the deed was executed, has never been paid, and the only defense against the sale under the deed of trust is, that the debt was barred by the statute of limitation, and that therefore the trustee had no power to sell. This would certainly be

availing themselves of the statute, and should have been specially pleaded. In Duty v. Graham, 12 Texas, 427, and in Ross v. Mitchell, 28 Texas, 150, this court held, in effect, that a simple mortgage was but an incident to the debt; that the title to the mortgaged property remained in the mortgagor, and that the mortgagee had no title to the property mortgaged, but simply the right to have the property subjected to the payment of his debt, and that therefore, when the debt was paid or barred by the statute, the mortgage lien would cease, and the power of the courts could not be evoked to enforce or revive a right which had ceased to exist. But we are not aware that any such doctrine has been enunciated in regard to deeds of trust with power to sell. In Hill on Trustees, page 341, the author, after reviewing a large number of decisions on this question, says: "The "principle of these decisions is, that the statute of limitations "does not run against a trust, and it applies equally to a trust "created by deed for the payment of debts;" and he says fur- "ther, that "upon principle, therefore, it may be unquestionably "laid down that a trust, created by deed for the payment of "debts generally, will prevent the operation of the statute of "limitations." In Gray v. May, 16 Ohio, 80, the court says: "It is argued that the original debt is barred by the statute of "limitations, and therefore equity, in analogy to the law, will "not enforce the trust deed executed as an indemnity. The "deed itself is valid and in full force. The right to enforce it "is perfect. The cestui que trust has paid the money for which "it was executed as an indemnity. But it is said, that because "at law he could not sue for and recover the money which he "has paid for the use of another, a court of chancery will not "enforce his equitable rights. This is a most unreasonable de- "fense, and without foundation in a court of equity. The "statute bars the debt at law from the nature of the evidence "to support it; but as cestui que trust, he has an equitable in- "terest in lands conveyed in trust as an indemnity." This appears to have been the view of this court in the case of Fisk v. Wilson, 15 Texas, 430, and in Ware v. Bennett, 18 Texas, 794.

It is true that payment of the debt would cancel the trust, but in the case at bar it is admitted that at the time of the sale under both deeds of trust neither one of the original debts had been paid; and we are of the opinion that the trustee under the first deed of trust had full power to sell the trust property to satisfy the debt which is admitted to be due and unpaid.

There is one other equitable view of this case. At the time the second deed of trust was executed, the first deed was on record and notice to the world, and it is not claimed that at that time the first deed was not in full force and effect. It may therefore be a question of no small moment in deciding the equities of this case, to determine, under the circumstances, what rights and interest were conveyed by the second deed of trust, and what interest the plaintiffs in error received under their purchase.

No error is discovered in the judgment of the District Court, and it is therefore affirmed.

Affirmed.