[Opinion adopted October 28, 1884.]

## W. M. CASON ET AL. v. G. C. CHAMBERS.

(Case No. 1738.)

1. RENEWAL OF NOTE — MORTGAGE.— Where a note, secured by a mortgage, becoming barred, is renewed, it operates as a renewal of the mortgage only as between the original parties thereto; but such renewal does not affect the rights of third parties to the property, accruing after the execution of the

mortgage, but prior to the renewal, and while the original debt was barred by the statute of limitations.

2. SAME — CASES CITED AND APPROVED.— Hodges v. Taylor, 57 Tex., 196; Riggs v. Hanrick, 59 Tex., 570; Ross v. Mitchell, 28 Tex., 154; Blackwell v. Barnett, 52 Tex., 326; Wood v. Goodfellow, 43 Cal., 185 ; Barber v. Babel, 36 Cal., 14, cited.

APPEAL from Morris. Tried below before the Hon. B. T. Estes.

On the 1st day of February, A. D. 1876, J. A. Donaldson made and delivered to G. C. Chambers a promissory note for the sum of $141.32, payable to the order of G. C. Chambers one day after the date thereof, and to secure the payment of this note Donaldson, on the 1st day of March, A. D. 1876, executed to Chambers a trust deed upon certain personal property, including the mule in controversy in this suit. The note became barred by the statute of limitations on the 3d day of February, A. D. 1880. Donaldson being indebted to W. M. & J. J. Cason, sold and delivered the mule to them as a payment on their debt, and they credited Donaldson's account with the amount they were to allow him for the mule. On the 22d day of April, 1882, Donaldson renewed his note to Chambers for $75 as the balance due on his barred note, and on the 28th day of the same month Chambers instituted suit in the justice court upon his renewed note and mortgage against Donaldson, making appellants defendants, and prayed for foreclosure of his mortgage upon the mule in their possession. The mortgage was duly recorded under the laws in force at the time of its execution. A trial was had in the justice court, and judgment rendered in favor of Chambers against Donaldson and also foreclosing his lien upon the mule in the possession of W. M. & J. J. Cason, from which they appealed to the county court, and the jurisdiction of the county court being diminished, the cause was transferred to the district court. Appellants answered by general demurrer, general denial, and specially pleaded the statute of limitations in bar of Chambers' pretended lien. The court rendered judgment foreclosing the lien upon the mule, and found its value to be $45, and rendered judgment against appellants for that amount absolutely (on the ground that appellants had parted with the title and possession of the mule since the institution of this suit).

*J. A. Peacock,* for appellants.

*J. M. Moore,* for appellee.

STAYTON, ASSOCIATE JUSTICE.— The evidence shows beyond controversy that the note executed by Donaldson to the appellee Chambers, to secure which the deed of trust sought to be foreclosed in this cause was given, was barred by the statute of limitations prior to the time that the appellants bought from Donaldson the mule which was included in the trust deed.

While it is true that the subsequent renewal of the debt by the new note given by Donaldson to Chambers, as between them would operate a renewal of the mortgage given to secure it originally, yet such renewal could not affect the right of the appellants, which accrued prior to the renewal, and while the original debt was barred by the statute of limitations.

This question we regard as settled by the following cases: Hodges v. Taylor, 57 Tex., 196; Riggs v. Hanrick, 59 Tex., 570; Ross v. Mitchell, 28 Tex., 154; Blackwell v. Barnett, 52 Tex., 326.

The same rule is declared in the following cases: Wood v. Goodfellow, 43 Cal., 185; Barber v. Babel, 36 Cal., 14; Lent v. Shear, 26 Cal., 365.

That the appellants may have taken the mule in payment of a debt due to them does not affect their right.

The judgment of the district court will be reversed in so far as it gives judgment in favor of the appellee against the appellants, with costs in the court below and in this court for the appellants.

It is accordingly so ordered.

REVERSED AND RENDERED.