## M. H. POWELL ET AL. V. A. C. THOMPSON ET AL.

(Case No. 5594.)

1. TITLE—CONTRACT TO LOCATE—EVIDENCE—See facts for evidence· held insufficient to establish a contract to locate land, and title to a portion of the land located.

ERROR from Milam.    Tried below before the Hon. W. E. Collard.

On February 23, 1882, this suit was filed in the district court of Milam county by A. C. Thompson and others, as the heirs of W. D. Thompson, deceased, and W. E. Dortch and Sally L. Bradley, two of the heirs of John N. Barnhill, against Mrs. M. H. Powell, Ann C. Gains, Ann D. Badger, A. Carter, heirs of John N. Barnhill, and all other heirs of John N. Barnhill whose names and residences were not known by plaintiff.

The petition alleged that the heirs of Barnhill. and Thompson were tenants in common of the land patented to the heirs of John N. Barnhill; that W. D. Thompson procured the certificate from the commissioners of claims, and had the certificate located and the land patented, which services were reasonably worth half the land so located and ·patented; that the heirs of Barnhill contracted with W. D. Thompson to convey to him one-half of the land he should have located and patented by virture of the certificate; that he located the land in accordance with the contract, and thereby became the owner of an undivided one-half interest; that defendants claimed all the land, and refused to divide it.

The prayer was for partition, and that title to one-half interest be adjudged to the heirs of W. D. Thompson.

Defendants pleaded general denial and not guilty.

Plaintiffs introduced in evidence the following papers:  A power of attorney, dated June 8, 1859, from Wallace Badger to W. D. Thompson, in which Badger, representing himself as the agent and attorney in fact of the heirs of John N. Barnhill, empowered Thompson to draw from the commissioners the headright certificate of John N. Barnhill.   A letter dated May 28, 1858, written by John C. Walker to· W. D. Thompson, in which Walker stated that he was the husband of one of the Barnhill heirs; that any contract made by him would be accepted by the heirs, and that he would accept Thompson's proposition to secure the land for one-half.    Another letter from Walker to Wallace Badger, and several others of the Barnhill heirs, stating that he had employed Thompson to locate the land for one-half; a power of attorney from John C. Walker to Thompson, dated December 18, 1858, stating that Walker's wife was one of the Barnhill heirs, and authorizing Thompson to act for him in securing and locating the certificate.

Evidence was introduced to show that Thompson located the land; that he paid fees and taxes on it until his death, and that his representatives did the same. No evidence was introduced by defendants.

On May 24, 1883, judgment was rendered in favor of the Thompson heirs for title to one-half the land and partition.

*Lott & Ralston*, for plaintiffs in error, cited; Ross *v.* Mitchell, 28 Tex., 152; Smith *v.* Sublett, 28 Tex., 170.

No briefs on file for defendants in error.

STAYTON, ASSOCIATE JUSTICE.—To entitle the defendants in error to any portion of the land patented to the heirs of John N. Barnhill, by reason of the fact that their ancestor obtained the land certificate, had it located and the land patented, it was necessary that some contract, express or implied, under which such heirs agreed to give a part of the land to be procured by such services, should have been shown. Ross *v.* Mitchell, 28 Tex., 150.

The pleadings filed by those who appeared and claimed as heirs of Barnhill, as well as the pleadings filed on behalf of the unknown heirs of Barnhill by the attorney appointed by the court to represent them, were such as to put the plaintiffs upon proof that such a contract had been made between their ancestor and the heirs of Barnhill, as was set up in the petition. It thus became necessary to show who were the heirs of Barnhill, and as against persons who did not appear and admit that Wallace Badger and John C. Walker were of such heirs, the powers of attorney purporting to have been made by those persons, and the contract made between John C. Walker and the plaintiffs' ancestor, were of no importance as evidence of any right deraigned through such papers.

If proof had been made that John C. Walker was one of the heirs of Barnhill, and that the other heirs had knowledge of the contract which he had made with W. D. Thompson, then the long period of time which has elapsed since that contract was made, and the failure of the other heirs to disavow it while Thompson was performing the services under it, through which the land was secured, ought to be held sufficient evidence of ratification by the other heirs of the contract made by Walker. Such facts, however, were not shown, and we are of the opinion that there was not sufficient evidence of the right of the heirs of W. D. Thompson to one-half of the land to justify and sustain the judgment that was rendered. For this reason the judgment will be reversed, and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 11, 1886.]