MOORE v. PORTER.

(Court of Civil Appeals of Texas. Ft. Worth. May 6, 1911. Rehearing Denied May 27, 1911.)

MORTGAGES (§ 178*)—PRIORITIES—RENEWAL OF BARRED MORTGAGE.

The lien of a mortgage, given when the lien of an earlier mortgage was barred, is not subordinated to that of the earlier mortgage, by such mortgage afterwards being renewed by renewal of the secured debt.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 178.*]

Appeal from District Court, Taylor County; T. L. Blanton, Judge.

Suit by J. N. Porter against H. H. Moore and others. From an adverse judgment, defendant Moore appeals. Affirmed.

Ben L. Cox, for appellant. Cunningham & Oliver, for appellee.

SPEER, J. J. N. Porter filed this suit in the district court of Taylor county against W. N. Moore, S. P. Moore, Susie Moore, C. B. Moore, Evie Youngblood, J. F. Banner, Henrietta Banner, W. M. Lacy, F. M. Miller, and H. H. Moore, alleging in substance that he was the owner of four promissory notes of the defendants W. N. and S. P. Moore for the sum of $2,219.50 each, secured by a deed of trust on lands described in his petition; the defendant Lacy being the trustee in said deed of trust, and the other defendants were made such because of the alleged assertion by them of some interest in the land. The defendant H. H. Moore alone answered, pleading a deed of trust upon the land in controversy of a date anterior to plaintiff's, securing a note for the sum of $1,960, executed by the defendant S. P. Moore, and alleging specially that on May 13, 1909, at the time when according to his allegations his note and lien were barred by the statute of limitations, the defendant S. P. Moore, the maker, had written him specifically renewing said deed and lien. The cause was tried

before the court, who rendered judgment for plaintiff for the amount of his debt and the foreclosure of his lien as a prior lien upon the premises, and in favor of defendant H. H. Moore for the amount of his debt, with a foreclosure of a second lien, from which defendant H. H. Moore has appealed.

Waiving the generality of the assignments, the real question presented by the appeal is whether or not the court erred in holding appellee's lien to be a prior lien to that of appellant. That he did not appears to be settled by the case of Cason v. Chambers, 62 Tex. 305, wherein the Supreme Court say: "While it is true that the subsequent renewal of the debt by the new note given by Donaldson to Chambers, as between them would operate a renewal of the mortgage given to secure it originally, yet such renewal could not affect the right of the appellants, which accrued prior to the renewal, and while the original debt was barred by the statute of limitations." The facts of this case are on a par with those of the case from which the quotation is made. Appellee's deed and lien were created at a time when appellant's deed and lien were barred by the statute of limitations, and the subsequent renewal of the same between the parties could not operate to appellee's prejudice.

Appellant cites the case of Johnson. v Real Estate Association, 2 Tex. Civ. App. 494, 21 S. W. 961, as authority for his contention that the court erred in subordinating his lien to appellee's. It is not clear, however, that that case holds contrary to Cason v. Chambers, supra. It seems to determine the question that an agreement of extension between the parties to the senior mortgage, made after the creation of the junior mortgage would deprive the junior incumbrancer of the defense of limitation. It is not clear from the case that the junior incumbrancer took his lien at a time when the senior deed and lien were barred, and the court basing its decision on that of Ware v. Bennett, 18 Tex. 794, wherein the prior mortgage was existing and unsatisfied when the junior was taken, indicates that the two cases were thought to be parallel on this point. However that may be, we feel impelled to follow Cason v. Chambers, supra, which appears never to have been overruled or qualified.

There is no error in the judgment, and it is affirmed.