### JINES v. DODSON et al. (No. 2528.)*

(Court of Civil Appeals of Texas. Amarillo. Jan. 6, 1926. Rehearing Denied Jan. 27, 1926.)

**1. Liens ⬤=1—Existence of lien does not depend on possession, where not essential to creation and existence.**

Existence of lien does not depend upon possession of property by lienholder, where possession is not essential to creation and existence of lien.

**2. Liens ⬤=16—Lien is not discharged by taking additional security, unless so intended.**

A lien that has once attached is not discharged or released by taking other and additional security, unless intention to waive lien appears.

**3. Vendor and purchaser ⬤=281(3)—Evidence held not sufficient to show vendor intended to waive lien on improvements removed.**

Where improvements on land, subject to vendor's lien, were removed to other lots, evidence *held* not to show intention to waive lien.

**4. Vendor and purchaser ⬤=266(1) — Vendor not estopped to enforce lien on building removed because of vendee's expenditures.**

Where vendor having lien consented to removal of house to other lots only on understanding that contract protecting him would be executed, if vendee did not execute contract, vendor was not estopped to enforce lien, though vendee made expenditures in moving and repairing house.

Appeal from District Court, Ochiltree County; W. R. Ewing, Judge.

Suit by Mrs. Sherman Jines against Charles Dodson and others. From a judgment granting only part of relief sought, plaintiff appeals. Reversed and remanded.

Payne & Correll, of Perryton, and F. P. Works, of Amarillo, for appellant.

Allen & Allen, of Perryton, and H. E. Hoover, of Canadian, for appellees.

JACKSON, J. This suit was instituted in the district court of Ochiltree county, Tex., by Mrs. Sherman Jines, as plaintiff, individually, and as survivor in community of the estate of herself and her deceased husband, Sherman Jines, against Charles Dodson and John B. Smith, defendants.

By proper allegation she sought a judgment against the defendants on three notes aggregating the sum of $1,480, with interest thereon, and the foreclosure of the purchase-money lien against block 63 in the first addition to the town of Ochiltree, in Ochiltree county, Tex. She alleges the conveyance of the property by her husband to Charles Dodson, the retention in the deed of a lien to secure the payment of the notes, and the sale and conveyance of said property by Charles Dodson to the defendant John B. Smith, and his assumption and promise to pay said notes as a part of the consideration for the property.

Plaintiff further alleges that on or about January 22, 1920, the defendant John B. Smith desired to remove the dwelling and other improvements from the property above described to lots 1 and 2 in block 54 in the first addition to the town of Perryton, in Ochiltree county, Tex., and, in consideration of permission given to remove said improvements, he agreed and contracted in writing with her husband that the title to said lots 1 and 2 in block 54 in Perryton would be taken in the name of Sherman Jines, and that the lien held by him and evidenced in the deed and notes should be impressed on said lots in Perryton and on said improvements removed from the lots in the town of Ochiltree, and should not be affected thereby, but should remain in full force and effect; that, in violation of said agreement, John B. Smith, to defeat the lien and escape payment of the purchase price for the prop-

erty, took the title to the lots in Perryton in his own name; that the real estate upon which the improvements were situated in the town of Ochiltree was of no value after the removal of the improvements therefrom, and that each and both of the defendants have failed and refused to pay said notes, except certain credits, which had been allowed; that the defendants are insolvent, against neither of whom she could collect her debt by execution; that the balance on said notes are due and unpaid; and that by reason of the premises she is entitled to judgment for her debt, a foreclosure of her lien on the lots in the town of Ochiltree and the lots and improvements in the town of Perryton, or, in any event, to a foreclosure of her lien on the lots in the town of Ochiltree and upon improvements removed from said lots and now located on the lots in Perryton.

The defendant Charles Dodson did not controvert plaintiff's cause of action.

The defendant John B. Smith answered by general demurrer, special exceptions, general denial; admitted the execution and delivery of the notes sued on and the existence of plaintiff's right to foreclose her lien on the lots located in the town of Ochiltree, but pleads that he purchased lots Nos. 1 and 2 in the town of Perryton for the purpose of erecting and maintaining a home for himself and family, which was known to Sherman Jines and thereafter made an agreement with him for the removal of the improvements from the lots in Ochiltree to and upon the lots in Perryton at great expense to himself, and was required to give personal security for any loss that Sherman Jines might sustain by reason of the removal of said improvements; that Jines thereby waived, in law, any lien he had upon such improvements; that, relying on this agreement, he did, at great expense, remove the improvements to the lots he had purchased and owned as a homestead in the town of Perryton, none of which he would have done but for said agreement, and that by reason thereof plaintiff is estopped to assert a lien upon the improvements so moved; denies that he agreed to give a lien upon the property in Perryton in consideration of permission to move the improvements; but says that, if he did make such agreement, it was expressly waived by Sherman Jines by taking personal security in lieu thereof. He admits his personal liability upon the debt and plaintiff's right to judgment against him, and to a foreclosure of the lien against the lots in the town of Ochiltree.

Mrs. Ida Smith, wife of John B. Smith, intervened by permission of the court, and alleged that, prior to January 22, 1920, she and her husband had purchased lots 1 and 2, block 54, in the town of Perryton, and designated said lots as a home, upon which they have lived since such acquisition, and still claim the same as the homestead of themselves and their family; that the debt for the payment of which the lien is alleged was not for purchase money, nor for taxes, nor for work or material used in constructing the improvements; that the work and material was not contracted for in writing, nor her consent given thereto in the manner required by law and the Constitution of the state; that the improvements have become a fixture on lots 1 and 2, in Perryton, and that she has never consented in any way to any lien, equitable or otherwise, against said property, and, if there was ever any agreement that the title to the lots 1 and 2 in block 54 in Perryton should be taken in the name of Sherman Jines, such agreement was without her knowledge or consent; and that she had not agreed that the lien on the property in old Ochiltree should attach and become a lien upon the improvements so removed, or upon lots 1 and 2, Perryton; and denies the right of plaintiff to enforce a lien against said lots or said improvements.

The case was submitted to the court without the intervention of a jury, and at the conclusion of the evidence judgment was rendered for the plaintiff against Charles Dodson and John B. Smith, jointly and severally, for the amount sued for, and for a foreclosure of her lien against all of block 63 in the first addition to the town of Ochiltree, in Ochiltree county, Tex.; but that lots Nos. 1 and 2, in block No. 64, in the town of Perryton, constituted the homestead of Ida Smith and her husband, John B. Smith, and was unincumbered by reason of the facts disclosed by the record, and plaintiff had no lien, equitable or otherwise, against said lots or the improvements thereon to secure the payment of her debt.

The court has not filed with the record findings of fact or conclusions of law.

It is uncontroverted that Sherman Jines conveyed block 63 in the old town of Ochiltree, with its improvements, to Charles Dodson in consideration, among other things, of the money evidenced by the notes sued on, and in the deed retained a valid lien to secure the payment of these purchase-money notes; that thereafter John B. Smith acquired said property from Charles Dodson, and promised and agreed to pay the notes, and did make payments thereon, with which the notes were duly credited, leaving the balance for which this suit was brought; that later John B. Smith purchased and paid for lots Nos. 1 and 2 in block 54 in the town of Perryton, and established his homestead on said lots, after which he removed the dwelling, a two-story eight-room house, with some other improvements, from block 63 in the town of Ochiltree to and placed them upon his said lots in the town of Perryton; that by the removal of the improvements the value of block 63 was reduced to almost nothing, as the old town of Ochiltree was practically abandoned, all of its citizens moving

to the town of Perryton, where the railroad had been located.

Mr. Payne testified that he knew how the moving of the house occurred; that he was looking after Mr. Jines' business at the time, and at the request of Mr. Smith he accompanied him to see Mr. Jines about moving the house, and heard all the conversation and dickering relative thereto; that Mr. Jines asked how Smith could move the house and he retain his lien; that witness suggested that lots 1 and 2 in block 54 in Perryton be taken in Jines' name, the house moved on them, and Jines then make Smith a deed and retain a lien for his notes; that Mr. Smith suggested that he give a bond; that he, witness, prepared a written agreement to the effect that lots 1 and 2 in block 54 would be taken in Jines' name, and he would sell them back to Smith for the value of the notes, and reserve a lien on the property; that the instrument contained a bond feature intended to secure the house against destruction in moving it; that the instrument was never finished, that is, never signed, except by Jines, Smith, and Mr. McLarty, and Smith was to have two bondsmen.

R. T. Correll testified that he had seen and read the instrument, and it provided that the house should be moved from block 63 in old Ochiltree to lots 1 and 2 in block 54 in Perryton, which were to be taken in the name of Sherman Jines ànd conveyed to Smith with a lien retained by Jines; that he remembered that Smith and Mr. McLarty had signed it, but did not recall any other names.

John B. Smith testified:

"I do not own any real estate in Texas subject to execution, nor any other property above exemptions. I never did sign the instrument that Mr. Correll and Mr. Payne have told about here. Mr. Payne went up to the office and wrote it, and then later met me on the street and gave it to me, and I gave it to Bill McLarty, and he signed it, and that was all there was on it."

Mrs. Ida Smith, the intervener, testified that she did not know anything about any lien on the property in Ochiltree; that, if she had, she would not have permitted it to have been moved to the lots in Perryton, but would have made out with such improvements as they had, and could make without the improvements which were moved from block 63 in old Ochiltree to lots 1 and 2, block 54, in Perryton; that she knew they owed Mr. Jines some notes on the house, but did not know they were a lien, thought they evidenced only a debt; that it cost something like $450 to move the house, and they put about $360 more on it.

Mrs. Sherman Jines, the plaintiff below, hereinafter called appellant, by assignment urges as error the action of the trial court in failing to find that she had a lien against lots 1 and 2 in block 54 in the town of Perryton, together with the improvements thereon, and in refusing to decree a foreclosure of said lien and issue an order of sale thereon for the collection of her debt.

Mrs. Ida Smith and her husband, John B. Smith, appellees herein, in reply to appellant's proposition, contend that by agreement they were required to give personal security for any loss sustained by Sherman Jines on account of the removal of the improvements, and that he thereby waived the original lien; that, having waived the original lien, and appellees having acted on such waiver in the expenses incurred by them for removal and repairs, appellant is estopped to assert any lien against the improvements, and that no new lien was created, because no instrument in writing was made and executed by them as required by the statutes and the Constitution of the state of Texas in order to fix a lien against the homestead for labor performed or material furnished.

The validity of the original lien is not challenged, but appellees assert that Sherman Jines waived it by requiring personal security, and that appellant should not be allowed to enforce it because estopped by the expenditures made by them relying on such waiver.

If the original lien was waived, then, under the conditions presented by this record, there was not a compliance with the law for creating a lien against the homestead to secure payment for labor and material; hence the first question to determine is whether or not, under the facts and under the law, the original lien was waived. A lien may be waived by agreement, by operation of law, or by implication from the facts and circumstances. 37 C. J. p. 333, par. 51. There is no contention either in the pleading or the proof that there was an express agreement to waive; appellees alleging that, by requiring personal security, Sherman Jines had waived the lien.

"To sustain this loss of lien, it must be placed on one or the other of two ideas—intentional waiver, or from the loss of possession. As to the first, authority is abundant to show that one will not be held to waive a lien unless the intent be express or very plain and clear. The presumption is always against it." 17 R. C. L. p. 606.

[1, 2] Under the common law, the existence of many liens depended upon the possession of the property by the lienholder; but this rule is not applicable to liens where possession is not essential to the creation and existence thereof. McBride v. Beakley et al. (Tex. Civ. App.) 203 S. W. 1137. A lien that has once attached is not discharged or released by taking other and additional security, unless the intention to waive the lien appears.

"Thus, unless an intention to waive the lien appears from the circumstances, a lien is not waived by the lienholder's taking as security a bond, note, check or other instrument, which involves merely the debtor's personal liability; and where there is no express waiver, an equi-

table lien which has once arisen is not waived by the subsequent taking of a legal and perfected lien to the same extent and upon the same property." 37 C. J. p. 335, par. 56.

[3, 4] It is uncontroverted that a written instrument was prepared containing the terms of the agreement allowing the removal of the improvements from Ochiltree to Perryton. This instrument was lost, and its contents are revealed only by the testimony of Mr. Payne and Mr. Correll. Manifestly, this testimony fails to disclose any intention upon the part of Sherman Jines to waive his original lien, but evidences a purpose to maintain the existence thereof. If the testimony of these witnesses is to prevail, he was given a written contract which, if complied with, would have maintained the existence and validity of his lien. If, as their testimony suggests, this contract was never executed by all the parties necessary to give it validity, then, under their testimony, no permission was given to Mr. Smith for the removal of the improvements. If the evidence of Mr. Smith that he never signed the contract prepared by Mr. Payne and testified to by him and Mr. Correll is to prevail, he did not comply with the agreement with Mr. Jines for the removal, and his failure to do so would not impair the original lien; and, although he expended money to remove and repair the house, he made these expenditures, advised either of the fact that he was removing the house without permission, or failing to comply with his part of the agreement by which permission had been secured.

In our opinion, the testimony is not sufficient to establish the fact that Sherman Jines had lost his original lien on the improvements that appellees had moved from block 63, either by waiver or estoppel: hence this lien followed such improvements, notwithstanding they were placed on the homestead. The testimony is sufficient to sustain the decree in all other respects.

Assuming that the evidence on another trial will be similar to that disclosed by this record, it will be necessary for the trial court to adjust the equities between the parties, and the judgment is reversed and the cause remanded.