DILLARD et al. v. McGINTY. (No. 3146.)*

Court of Civil Appeals of Texas. Amarillo.
Dec. 19, 1928.

Rehearing Denied Jan. 9, 1929.

Schenck & Triplett, of Lubbock, for appellants.

Lockhart, Garrard & Brown, of Lubbock, for appellee.

JACKSON, J. The plaintiff instituted this suit in the district court of Lubbock county, Tex., against the defendants, J. J. Dillard and his wife, Ada Dillard, to recover the sum of $850 and interest and against said defendants and the Fort Worth, Denver & South Plains Railway Company to foreclose an alleged mechanic's lien against 7½ acres of land fully described by plaintiff in his petition.

Plaintiff alleges: That about February 16, 1917, J. J. Dillard and his wife executed and delivered their contract in writing to C. D. Shamburger, by the terms of which he contracted to furnish to Dillard and his wife building material for the erection of a house and improvements on said 7½ acres of land. That J. J. Dillard and wife, Ada Dillard, expressly agreed and stipulated in said written contract that C. D. Shamburger should have and retain against the above land and premises a mechanic's and materialman's lien to secure the payment of a promissory note for the sum of $800, bearing even date with said mechanic's lien contract and payable in installments on the 1st day of May, September, and November, 1917, and the 1st day of January, March, May, and July, 1918, with interest at the rate of 10 per cent. per annum. That said mechanic's lien was duly and properly acknowledged by Dillard and his wife and immediately recorded in the mechanic's lien records of Lubbock county, Tex. That about April 8, 1919, for a valuable consideration and in due course of trade, C. D. Shamburger, by a proper instrument in writing, sold and transferred to plaintiff said note and said mechanic's and materialman's lien, and that plaintiff is and has been since said date the legal owner and holder of said note and lien.

That said note and lien was properly renewed and extended from time to time, the last renewal and extension having been made January 1, 1927. That said extension agreements were properly recorded, and by the terms thereof Dillard and his wife acknowledged their indebtedness to plaintiff, and that he had a valid lien against said property to secure the payment of said debt. That in connection with the last extension agreement, Dillard and his wife executed their note evidencing said debt, which was made payable January 1, 1928. Plaintiff properly alleges interest payments, the provision relative to attorney's fees, and default in the payment of said note. He also alleges that the Fort Worth, Denver & South Plains Railway Company is claiming some right, title, or interest in and to said premises, the exact nature of which is unknown, but that any such title or interest is inferior to and subject to his lien and notes.

The railway company answered by general demurrer, general denial, and alleged that it purchased from J. J. Dillard and wife, for right of way purposes, $36/100$ acres, which it describes in detail, out of the tract against which plaintiff seeks to foreclose a lien, and that Dillard and his wife own the remainder thereof, and it is entitled, if the lien is foreclosed, to have the remainder of the land owned by the Dillards sold under execution before the $36/100$ acres purchased by it should be sold, so as to give it an opportunity to protect its right of way.

The defendants J. J. Dillard and his wife answered by general demurrer, general denial, alleged that they were husband and wife and that the lands and premises described in plaintiff's petition are their homestead and have been used and occupied by them as such for more than 15 years, and was such homestead at and prior to the execution of the note and lien of date February 16, 1917; that there is no provision in the law of this state for the extension of a mechanic's and materialman's lien, and any attempted extension of said lien pleaded by plaintiff is void; that the original lien, if it ever existed, expired, for the reason that the first extension agreement dated January 14, 1921, did not purport to extend the lien, but only extended the date of the payment of said note, and the plaintiff thereby waived said lien and it became barred by limitation before the extension agreement dated July 2, 1924, and as the

premises constituted the homestead of said defendants Dillard and his wife, said lien could not be renewed or revived by any subsequent acknowledgment of said lien or agreement to pay the debt, and the lien sought to be foreclosed by the plaintiff had been waived and was barred by the statute of four years' limitation.

The case was tried before the court without the intervention of a jury and judgment entered in favor of the plaintiff against J. J. Dillard and Ada Dillard for his debt, interest, and attorney's fees, and for a foreclosure of his lien against said premises, with direction to the officer executing the writ to sell, first, that portion of the 7½-acre tract excluding therefrom the 36/100 acres belonging to the railway, and in the event the proceeds of such sale were not sufficient to satisfy the judgment, then to sell the 36/100 acres acquired by the railway.

J. J. Dillard and his wife excepted to the judgment of the court and prosecute their appeal to this court. · By several assignments, all of which may be considered together, the appellants present as error the action of the trial court in foreclosing the lien against the land and premises involved, because the evidence was insufficient to show that appellee's original lien against the premises was valid; for the reason that if such lien were valid, the extension thereof was waived at the time the first extension agreement was signed, and such lien became barred by the four-year statute of limitation and could not be thereafter renewed and revived, as the property was the homestead of appellants.

■ The record discloses that J. J. Dillard and his wife, Ada Dillard, and C. D. Shamburger, on February 16, 1917, entered into a written contract, by the terms of which C. D. Shamburger agreed to furnish material for the erection of a house and improvements on the land involved in this controversy for the sum of $800; that in said contract it is expressly agreed that the appellants grant to C. D. Shamburger a materialman's lien against the property and improvements to secure the payment of a note in the sum of $800 and the interest thereon; and that the contract and note are given in part payment for material to be used in the erection of certain improvements upon the property involved; that the mechanic's lien was duly filed on the 23d day of February, 1917, for record; that said note and lien were properly assigned and transferred to appellee in this case; that on the 14th day of January, 1921, by a written extension agreement executed by appellee and appellants, which was on the same day filed for record, it was agreed that appellee was the owner and holder of the materialman's note originally executed to C. D. Shamburger by the appellants and secured by a materialman's lien, and the indebtedness evidenced by the note was acknowledged and the payment of the note extended to January 1, 1922;

that on June 28, 1924, another extension agreement was entered into between the parties and filed for record July 2, 1924, by the terms of which the debt and lien were acknowledged and the payment of the note extended to January 1, 1925; that on January 1, 1927, appellants and appellee entered into another extension agreement, which was duly acknowledged and recorded, by the terms of which the debt and lien were acknowledged and the payment of the debt extended to January 1, 1928; that the appellants, on the same day, executed a new mechanic's lien note in connection with said mechanic's lien contract; that appellant and his wife, on the 27th day of May, A. D. 1927, for a consideration of $1,000, conveyed to the railway company the land claimed by it for right of way purposes.

It was agreed by the parties that appellants owned the property and that it was their homestead and had been since May, 1916.

There was no testimony, other than the records above mentioned, introduced, and we think the evidence was sufficient to show that the original mechanic's lien given by the appellants to C. D. Shamburger was valid.

■■ The original mechanic's lien is not barred by the four-year statute of limitation where a note is given in renewal of the debt, because the lien is an incident of the debt and continues as security so long as the debt remains unpaid. Myers et al. v. Humphries et al. (Tex. Civ. App.) 47 S. W. 813. Before the passage of article 5522, R. C. S., it was the established law in this state that the renewal of a note by the payee, secured by a lien, after it had become barred by limitation, renewed the lien. Moran v. Wheeler, 87 Tex. 179, 27 S. W. 54; Howard v. Windom, 86 Tex. 560, 26 S. W. 483. Hence, if we concede appellee's contention that there is no statute authorizing the renewal of a mechanic's lien, the law is settled that the renewal of the note on the 14th day of January, 1921, was sufficient to keep the lien valid and in full force and effect. The testimony fails to show a waiver of the lien by appellee, because to show that a lien is waived the intention to do so must be expressed or made plain and clear. Jines v. Dodson et al. (Tex. Civ. App.) 279 S. W. 557.

■■ "However, the nature of an unpaid sum of money is not changed by the statute of limitation nor by a consequent presumption of payment. Though barred and presumptively paid, it will, if remaining actually unpaid, retain its original nature, and will constitute a moral obligation till the end of time. If the original nature of such unpaid sum be that of unpaid purchase money, it will retain that nature so long as it remains actually unpaid, even though, in consequence of a statutory bar of limitation, its payment is presumed. In such a case the presumption of payment becomes a mere fiction of law of which the party, if he choose, may take advantage. But if he should choose to recognize

his moral obligation to pay the outlawed debt, and to bind himself by contract to pay same, he may do so. The provisions of article 5694, Vernon's Sayles' Ann. Civ. St. 1914, which raise such limitation bar and its attending presumption of payment expressed in the statute, were never intended to prevent him from doing so. No statute will be construed as abridging the right of any person, who is legally capable of making a contract, from binding himself to pay his just debts which he is morally, though not legally, bound to pay, unless the terms of such statute clearly and unmistakably reveal such purpose." Bellamy et ux. v. Oklahoma Farm Mortgage Co. (Tex. Com. App.) 278 S. W. 180. See, also, Sewell v. Wilcox (Tex. Civ. App.) 290 S. W. 264; Power et ux. v. Westhoff (Tex. Civ. App.) 4 S.W.(2d) 274, and authorities cited.

These decisions are, in our opinion, decisive against appellants' contention, and the judgment is affirmed.