PITTMAN et ux. v. CONTINENTAL SOUTHLAND SAVINGS & LOAN ASS'N.

No. 4278.

Court of Civil Appeals of Texas. Amarillo.

Oct. 1, 1934.

Rehearing Denied Nov. 19, 1934.

James O. Cade and Darrell L. Jackson, both of Amarillo, for appellants.

R. A. Wilson, of Amarillo, for appellee.

MARTIN, Justice.

The nature of the legal issues presented for our determination in this case can best be shown by reproducing literally the only two propositions found in appellants' brief.

"Having declared upon the renewal agreement which was the deed of trust of May 5, 1931, plaintiff's right of recovery was measured by such renewal agreement, and the statute of limitations having been pleaded by defendants, made a recovery upon the barred mechanic's lien notes impossible."

"When there is evidence that the contract was executed through fraud, accident or mistake, and the evidence demonstrates that the borrower did not intend to purchase stock in the Building & Loan Association, such contract may be usurious."

Eliminating all surplusage, the following sufficiently shows the essential parts of the record, necessary to a proper discussion of the two points raised:

Two notes in the sum of $1,000 and $3,000, respectively, were, on different dates, executed and each separately secured by a mechanic's lien contract. At the time of the execution of these they were admittedly valid obligations of appellants, with no taint of usury therein. Thereafter, about June 5, 1925, the first of these was renewed and extended, a new note, secured by trust deed, being given. About February, 1927, these two notes became the property of appellee and were merged into one note executed in renewal and extension thereof and again properly secured by a deed of trust. In May, 1931, there was executed a final extension and renewal contract of the balance due on said last-mentioned note. This last renewal is evidenced by a note for $3,200 and new deed of trust, executed and acknowledged by Jack Pittman and wife, Ora Pittman, appellants herein. It was payable in 123 monthly installments of $40 each and providing that each of said installments should be applied as follows: $2.50 per month to the payment of five shares of stock in appellee association, and the balance to be applied first to the payment of 9 per cent. interest, second to the amount remaining on the principal. The last contract was apparently in substance the usual Texas Building & Loan Association contract.

Appellants, having defaulted in their payments, the appellee filed suit for its debt and foreclosure, pleading the above and other facts in great detail. Its pleading and proof affirmatively show that the original indebtedness renewed and extended as aforesaid had passed to appellee. It asked for a foreclosure of its deed of trust lien and the liens to which it was subrogated.

It is perhaps well to state just here that the notes first given and secured by a mechanic's lien were on their face barred by limitation when appellee's suit was filed. Appellants pleaded certain facts that assertedly made invalid all the deed of trust liens mentioned above. They pleaded limitation against the original mechanic's lien notes and alleged that the said $3,200 note was usurious, asking for relief under both article 5071 and article 5073, R. C. S. 1925.

The case was submitted to the jury upon many special issues. It is sufficient here to say that the jury found that the notary public failed to explain to Mrs. Ora Pittman that the contract provided for the purchase and payment of shares of stock in appellee's association, when her acknowledgment was taken to the several deeds of trust above described, and that she did not know she was buying stock therein when the several notes above mentioned were signed by her. The jury further found that her husband, Jack Pittman, did know he was buying stock at the several times last mentioned.

Two lots were involved, and the court impliedly found they constituted the homestead of appellants, Jack and Ora Pittman, on the dates aforesaid.

Judgment was accordingly entered foreclosing the original mechanic's lien aforesaid, and denying a foreclosure to appellee of any deed of trust lien mentioned. The court's judgment impliedly held that limitation had not run against the mechanic's lien aforesaid and that no usury had been proven. No complaint is made as to the amount of the judgment rendered, nor as to any matter further than is stated in the above propositions.

We do not pass on whether or not the jury's findings with respect to the acknowledgments aforesaid were sufficient to show such instruments invalid.

■ The record here affirmatively and conclusively shows that notes secured by valid mechanic's liens were renewed in writing between the parties before being barred by limitation, and finally became a part of the last note for $3,200, secured by a deed of trust. As between the original parties, these renewals were valid and binding, whether acknowledged and recorded or not. Watson v. First National Bank of Coleman (Tex. Com. App.) 285 S. W. 1050; Jolly v. Fidelity Union Trust Co. et al., 118 Tex. 58, 298 S. W. 530, 10 S.W. (2d) 539.

■ The lien by which a debt is secured is incidental to the debt, and written extension of maturity date of debt operates as an extension of the lien also, unless there is an agreement to the contrary. Farmers' Life Ins. Co. v. Wolters (Tex. Com. App.) 10 S.W. (2d) 698; Jolly v. Fidelity Union Trust Co., supra. There are other authorities to the same effect, but these sufficiently show that the jury's findings with respect to facts assertedly showing the invalidity of the wife's separate acknowledgments to the deeds of trust in question were immaterial under the court's findings. The instruments may have been invalid as conveyances of the alleged homestead or separate property right of the wife, but sufficient to evidence an extension of the original indebtedness. The foreclosure was of the original mechanic's lien, not of any trust deed. The jury's findings affect only the deeds of trust. We overrule appellants' contention that limitation had run against appellants' debt.

■ As to the appellants' claim of usury, the only provision of the contract between the parties which it is claimed makes the contract usurious is the stipulation for the payment of $2.50 per month for shares of stock, as shown above. The contract is similar to that construed in the case of Wood v. Continental Savings & Building Association (Tex. Com. App.) 56 S.W.(2d) 641. The court found impliedly both that the contract was not usurious and that no usurious interest was paid under it. No issue was submitted or requested as to these. The contract on its face was not usurious under the authority last cited. If we assume that appellants' pleadings sufficiently aver an usurious contract (which, in our opinion, they do not), still there is abundant evidence to at least raise an issue that no usurious interest was paid or received. The $2.50 per month appears to have been applied as stipulated in the contract. It was not wrongfully applied.

It could not be said that as a matter of law it was a device or scheme to cover up an usurious contract. It is specifically authorized by statute. Hampton v. Guaranty State Building & Loan Association (Tex. Civ. App.) 63 S.W.(2d) 873. If we concede that it might become a cloak to cover usury in some cases, still the trial court in this case was not compelled to so find. The inference is not compellable in all cases that a subscription for stock renders a contract usurious. We doubt if any other conclusion than the one reached in this case with respect to usury would have found any support in the record, but we need go no further than to hold that a fact issue was present. This, we think, is apparent.

The judgment is affirmed.