**BIGGS & CO. v. CALDWELL et al.**

**No. 13718.**

Court of Civil Appeals of Texas. Fort Worth.

March 11, 1938.

Rehearing Denied April 15, 1938.

Carrigan, Hoffman & Carrigan and James E. Prothro, all of Wichita Falls, for appellant.

T. R. Boone, of Wichita Falls, for appellees.

DUNKLIN, Chief Justice.

W. C. Cole and Claude L. Young, doing business under the partnership name American Dry Cleaners, in a building in the city of Wichita Falls, which they leased from the owner, Wyatt F. Parrish, having defaulted in payment of rents, a written agreement was entered into by and between W. C. Cole, the then sole owner of the partnership assets, and four creditors

of the firm, namely, the First National Bank of Wichita Falls, first party, Biggs & Company, a private corporation, second party, Mrs. Beatrice Caldwell, wife of W. H. Caldwell, third party, and the partnership firm of Valet Cleaning Company, composed of Roy Childress and W. J. House, fourth party, by the terms of which all the furniture, fixtures, and other equipment belonging to the lessees, situated in the building, were sold to the fourth party, and $600 of the purchase price was placed in escrow with the first party bank, with agreement of all parties that same would be held to await a determination of the question of priority of liens claimed by the second and third parties, respectively, and paid over in accordance with the rights that might be established in accordance with the final determination of the priority of those claims.

That agreement embodied a recitation that each of those parties were claiming to be creditors of the lessees, secured by liens on said furniture, fixtures, and other equipments situated in the rented premises, the nature and character of which liens were noted and hereinafter referred to.

The owner of the building leased the same to the American Dry Cleaners, by contract in writing, executed by both parties, for a period of ten years, beginning the 1st of July, 1930, and ending December 31, 1939, for a total consideration of $21,000, payable in monthly installments of $175 each, in advance, on the 1st day of each month. The lease stipulated: "The lessor shall have a lien as security for the rent aforesaid, upon all the goods, wares, chattels, implements, fixtures, tools and other personal property which are or may be put on the demised premises."

The lessees paid all the rents accruing up to May 1, 1931, and $34.21 on the installment due on that date, leaving a balance of $140.79 unpaid on that date.

On July 25, 1931, W. F. Parrish, the lessor, sold and assigned to Mrs. Beatrice Caldwell said lease and the obligation of the lessees to pay the rents therefor, together with the mortgage given to secure same, with the recital that the mortgage had been filed in the chattel mortgage records of Wichita County. But the record shows that the lease with the mortgage clause therein was filed in the chattel mortgage records of Wichita county, on August 21, 1931, which was subsequent to the date of the assignment. Prior to that assignment,

the lessor had reduced the rentals from $175 to $125 per month.

The rents accruing for the period beginning with the unpaid balance of $140.79, due May 1, 1931, up to and including January 1, 1932, aggregated $1,240.79. During the year 1931, the lessees paid the sum of $415.50. In the absence of any application by the parties to the contrary, the trial court applied that payment to the oldest items accruing, leaving an unpaid balance due for the year 1931 of $700.29.

On December 5, 1932, the lessees executed their promissory note in writing, payable to Mrs. Beatrice Caldwell, for the sum of $1,687.58, due 90 days after date, with this stipulation therein: "This note is given for the purpose of establishing the amount due, and is cumulative, and is secured by landlord's lien, and is secured by mortgage lien heretofore filed with the County Clerk of Wichita County, Texas, said mortgage lien being upon all personal property, effects, fixtures, machinery, furniture, notes and accounts, and all appurtenances referred to in said recorded mortgage in favor of payee herein, being Mortgage No. 65314, which mortgage is hereby, by reference, made a part hereof for all purposes."

For the purpose of fixing a statutory landlord's lien in compliance with the provisions of article 5238, Vernon's Ann.Tex. Civ.St., W. H. Caldwell, as agent and attorney for Mrs. Beatrice Caldwell, filed with the county clerk of Wichita county his affidavit embodying the requirements of that article. That affidavit was dated May 25, 1936.

On February 17, 1931, the lessees executed a chattel mortgage to Biggs & Company on certain of the machinery, tools, and equipments in the rented premises, to secure payment of $688.24, payable in seven installment notes, four of which were in the sum of $25 each, the first payable April 20, 1931, and the other three on the 20th day of each succeeding month, the last on July 20, 1931; one note for $50, payable August 20, 1931; one for $488.11, payable September 20, 1931; and the last for $50.19, payable on October 20, 1931. All these notes were paid at maturity, except the last two. That mortgage was filed for record in chattel mortgage records of Wichita county, on May 8, 1931, which was 80 days after its execution.

On October 19, 1935, the lessees executed their note to Biggs & Company for the

principal sum of $688.63, payable in monthly installments of $25, on the 19th day of each month thereafter, as a renewal of the last two installments of their former note, shown above, with interest therein included, and the same was indorsed with a credit of $25 paid, but no other payments were made thereon. It thus appears that when that renewal was executed, the first installment for $488.11 was past-due more than four years, but that the last installment for $50.19 lacked one day of being past-due for four years.

This suit was instituted on October 2, 1936, by Mrs. Beatrice Caldwell, joined by her husband, W. H. Caldwell, against Biggs & Company, to recover the $600 held by the First National Bank in escrow, as noted above. Her suit was based on a claim of both a landlord's and chattel mortgage lien on all the personal property, such as furniture, tools, and other equipment in the leased premises, arising under the lease contract, assignment thereof to plaintiff, Mrs. Beatrice Caldwell, and renewal of the obligation of the lessees, set out above.

Defendant, Biggs & Company, invoked the four-year statute of limitation, Vernon's Ann.Civ.St. art. 5527, to plaintiffs' suit, and claimed the $600 placed in escrow under and by virtue of its chattel mortgage and extension agreement, executed by the lessees; also that its said mortgage was superior to plaintiffs' lien, because it was filed of record before record of the lease in the chattel mortgage records.

By supplemental petition, plaintiffs invoked the four-year statute of limitation to the defendant's alleged lien.

The case was tried without the aid of a jury, and judgment was rendered, sustaining plaintiffs' plea of limitation of four years to all of the defendant's claim, except the sum of $86.50, the amount found to be due on the installment for $50.19, included in the renewal note for $688.63, shown above, and awarded the defendant a judgment for that amount out of the $600 in escrow. The court further held that plaintiff, Mrs. Caldwell, was the holder of a valid chattel mortgage lien on the assets of the lessees in controversy, which was not barred by the four-year limitation invoked by defendant, and awarded her judgment for $513.60, the balance of the $600 held in escrow. The defendant has appealed.

By different assignments of error and propositions, appellant insists that since its chattel mortgage, of date February 17, 1931, was filed on May 8, 1931, prior to the filing of the lease in the chattel mortgage records, on August 21, 1931, it was prior in right to the latter, and that the same priority inured to the agreement of the mortgagors renewing defendant's chattel mortgage.

■ Registration statutes applicable to mortgages are intended to protect third persons dealing with the property; they have nothing to do with the rights of the immediate parties to the mortgage. 9 Tex. Jur. par. 14, p. 95; par. 16, p. 97, and decisions there cited.

■ Following is quoted from 9 Tex. Jur., § 77, p. 182: "It seems to be settled that when once a debt is barred by the statute of limitations, the mortgage has expired, and that a subsequent renewal of the debt will have the effect to renew the mortgage as between the parties but will not operate to prejudice the rights of third persons who in good faith acquired rights in the property during the time the debt was barred. The point was decided early by the Supreme Court, and has never been overruled; on the contrary, the case has been cited with approval after a very careful reconsideration of the question."

■ Appellant has cited many decisions to the effect that a renewal of a debt barred by limitation extends and renews the lien given to secure it, so long as such renewal does not affect the rights of purchasers or lien holders who have acquired their rights during the period intervening between the date of the bar and the renewal, such as, Power v. Westhoff, Tex.Civ.App., 4 S.W.2d 274; Pittman v. Continental Southland Savings & Loan Ass'n., Tex.Civ.App., 75 S.W.2d 991; Cason v. Chambers, 62 Tex. 305; Moran v. Wheeler, 87 Tex. 179, 27 S.W. 54; Dillard v. McGinty, Tex.Civ.App., 17 S.W.2d 167. But those authorities have no application here, since Mrs. Caldwell acquired the mortgage lien for rents that were given the landlord in the original lease, which continued throughout the lease term, and owned the same prior to and throughout the four year period which barred the installment for $488.11, included in defendant's renewal note, as found by the court, and therefore had the right

to invoke limitation against so much of defendant's demand as included that item. 28 Tex.Jur. par. 20, p. 96; 9 Tex.Jur. par. 13, p. 94; Cason v. Chambers, 62 Tex. 305; Skaer v. First Natl. Bank, Tex.Civ.App., 293 S.W. 228. And since that item and the chattel mortgage to secure it were barred by limitation, the same could not serve as a basis for defendant's plea of limitation against plaintiffs' claim. 9 Tex. Jur. par. 19, p. 100.

Whether or not the affidavit filed by plaintiff, W. H. Caldwell, as agent for Mrs. Beatrice Caldwell, on May 25, 1936, in an attempt to fix a statutory landlord's lien independently of her chattel mortgage lien, was sufficient to accomplish that purpose, is unimportant, since her chattel mortgage lien given in the lease which the court sustained was not impaired thereby.

For the reasons stated, all assignments of error are overruled, and the judgment of the trial court is affirmed.